Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and John Rastoka *v.* Bethlehem Mines Corporation, Appellant and Commonwealth of Pennsylvania, Appellee.

518

Argued February 2, 1976, before President Judge
BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER,
ROGERS and BLATT. Judge CRUMLISH, JR. did not partici-
pate.

*Stephen I. Richman*, with him *Karl T. Skrypak*, and
*Greenlee, Richman, Derrico & Posa*, for appellant.

*Benjamin Costello,* with him *Kenneth J. Yablonski,* and, of counsel, *Gail Falk,* for appellee, Rastoka.

*David A. Ody,* Assistant Attorney General, for appellee, Commonwealth.

*James N. Diefenderfer,* for appellee, Board.

OPINION BY JUDGE ROGERS, March 2, 1976:

This is an appeal by an employer from the affirmance by the Workmen's Compensation Appeal Board of a referee's order directing the appellant to pay $150.00 to a claimant's doctor as fee for his deposition entered into the record of a referee's hearing. We affirm the Board's order.

After some 42 years of employment in the coal industry, the claimant John Rastoka retired on August 10, 1973. On December 10, 1973, he filed a claim petition for compensation for silicosis and anthraco-silicosis with the Bureau of Occupational Injury and Disease Compensation. At referee hearings claimant presented his own testimony and a physician's deposition. The employer and the Commonwealth also adduced evidence.

The referee awarded benefits under Section 108(q) of The Pennsylvania Workmen's Compensation Act[1] and assessed 25% of compensation payable against the employer and 75% against the Commonwealth, pursuant to Section 305.1 of the Act, 77 P.S. §411.1.

The employer and the Commonwealth appealed to the Workmen's Compensation Appeal Board which affirmed the referee. The employer has appealed to this Court, arguing only that the imposition on it of the $150.00 fee for the doctor's deposition was improper (1) as a violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 26 of the Pennsylvania

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q).

Constitution,[2] and (2) as conflicting with the Act of July 21, 1941, P.L. 425, *as amended,* 28 P.S. §416.1 et seq., fixing the pay of witnesses subpoenaed to testify before courts, commissions and boards at five dollars per day.

The fee here in question was ordered to be paid pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §996, added by the Act of February 8, 1972, P.L. 25, §3. That section provides:

> "In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings. . . ."

The employer's constitutional argument is that there is no reasonable basis for the classification of unsuccessful insurers who may be required to pay reasonable sums for the claimant's costs, on the one hand, and unsuccessful claimants (or the Commonwealth) not required to pay the insurer's similar costs, on the other.[3]

"Nothing but a clear violation of the Constitution will justify the judiciary in nullifying a legislative enactment. Every presumption must be indulged in its favor, and one who claims an Act is unconstitutional has a very heavy burden of proof." *Loomis v. Philadelphia School District*

---

2. Which provides: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

3. The term "insurer" includes the employer in cases as here where the employer is a self-insurer. Act of February 8, 1972, P.L. 25, 77 P.S. §701. *See* Barbieri, Pa. Workmen's Compensation and Occupational Disease, §6.34 (1975), where the possibility of this constitutional issue is suggested.

*Board of Education,* 376 Pa. 428, 431, 103 A.2d 769, 770-71 (1954). The classifications made by a statute which deals with economics or social welfare need only be reasonable and free from invidious classification. *See Weinberger v. Salfi,* U.S. , 45 L.Ed. 2d 522 (1975).

The purposes of Section 440, 77 P.S. §996, are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation. These purposes are altogether consistent with the grant to the Legislature by Article 3, Section 18 of the Pennsylvania Constitution of the power to require the payment of compensation, to fix the amount of such compensation and to provide "special and general remedies for the collection thereof." In short, we find nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims.

Nor do we find a constitutional flaw in Section 440's distinction with respect to costs between the Commonwealth and the insurer. Section 301(a) of the Act, 77 P.S. §431 provides: "Every employer shall be liable for compensation for personal injury to, or death of each employe, by an injury in the course of his employment. . . ." The Legislature's decision, by Section 305.1, 77 P.S. §411.1, to provide a short term State subsidy for compensation of disabled coal miners created no obligation to provide an additional subsidy of the insurer's responsibility for the successful claimant's costs.

The employer's contention that the Act of July 21, 1941, P.L. 425, *as amended,* 28 P.S. §416.1 et seq., establishes the exclusive amount of witness fees which can be assessed as costs is also without merit. The Act cited is of general application. The Pennsylvania Workmen's Compensation Act since its adoption has provided specially

for witness fees. Section 24, 77 P.S. §171. The Act of February 8, 1972, P.L. 23, repealed Section 24 of The Pennsylvania Workmen's Compensation Act; Act No. 12 of the same date added Section 440. Of course, the special provisions of The Pennsylvania Workmen's Compensation Act, not the general provision of the Act of 1941, control.

We finally note that the appellant has not contested the Board's conclusion that the $150.00 fee was reasonable in amount.

Accordingly, we enter the following:

ORDER

AND Now, this 2nd day of March, 1976, Bethlehem Mines Corporation, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are ordered and directed to pay compensation to the claimant, John Rastoka, at the rate of $100.00 per week, beginning on December 5, 1973.

Of the said weekly amount of $100.00, the Commonwealth of Pennsylvania shall be liable for the payment of seventy-five (75) per cent thereof or in the amount of $75.00 and the defendant, Bethlehem Mines Corporation, shall be liable for the payment of twenty-five (25) per cent thereof or in the amount of $25.00 per week.

The above order against the Bethlehem Mines Corporation only shall bear interest on all deferred payments of compensation at the rate of ten per centum per annum.

Bill of Costs is taxed against Bethlehem Mines Corporation in the sum of $150.00 and the company is ordered and directed to pay Dr. J. D. Silverman, claimant's doctor, the sum of $150.00 for his fees for the deposition.

There is no counsel fee claimed or to be paid in this case because claimant is a member of District 5, U.M.W.