Cairnbrook Coal Company and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew G. Vrabel, Respondents.

621

Argued May 6, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Michael D. McDowell,* with him *Hirsch, Weise & Tillman,* for petitioner.

*Timothy P. Creany,* with him *James N. Diefenderfer,* and *Mary Ellen Krober,* Assistant Attorney General, for respondents.

*David A. Ody,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE BLATT, June 21, 1977:

This is an appeal by Cairnbrook Coal Company (employer) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's order directing the employer to pay an appearance fee to a claimant's physician who testified at a hearing before the referee.

Andrew Vrabel (claimant) filed a claim petition for compensation for coal worker's pneumoconiosis with the Bureau of Occupational Injury and Disease Compensation. At the referee's first hearing, the claimant presented his own testimony and the report of his examining physician. At the employer's request, the referee held another hearing at which the claimant's physician testified and at which the claimant requested that in the event of an award of benefits the costs of his physician's appearance be taxed on the employer as part of the costs of the case pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §996. The referee awarded benefits to the claimant and assessed the appearance fee ($150) of the claimant's physician against the employer, directing that the fee be reimbursed to the claimant's counsel. The employer appealed the award of the medical testimony costs, and the Board affirmed the referee. This appeal followed.

In a workmen's compensation case where the party with the burden of proof prevailed below and the Board took no additional evidence, review by this Court is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or necessary findings of fact were un-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

supported by substantial evidence, leaving to the referee questions of evidentiary weight. *Shannon v. Southwark Metal Mfg. Co.*, 27 Pa. Commonwealth Ct. 461, 366 A.2d 960 (1976). The employer argues here that (1) Section 440 of the Act, 77 P.S. §996, is unconstitutional in that it violates both the equal protection clause of the United States Constitution and Article I, Section 26 of the Pennsylvania Constitution and (2) that the referee erred in directing that the appearance fee be paid to the claimant's counsel rather than the claimant himself.

Section 440 of the Act, 77 P.S. §996, provides in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, *witnesses*. . . . (Emphasis added.)

The employer argues that since Section 440 provides for the reimbursement to the claimant of certain costs should he prevail but does not provide for the same reimbursement to the defendant should he prevail, the section is discriminatory and therefore unconstitutional. This Court rejected an identical argument in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation*, 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976). Judge Rogers stated there:

> The purposes of Section 440 . . . are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation. These purposes are altogether consistent with

the grant to the Legislature by Article 3, Section 18 of the Pennsylvania Constitution of the power to require the payment of compensation, to fix the amount of such compensation and to provide 'special or general remedies for the collection thereof.' In short, we find nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims.

The employer also argues that the referee erred in ordering that the witness fee be reimbursed to the claimant's counsel rather than to the claimant. The claimant is a member of the United Mine Workers of America (Union) which provided him with counsel and paid the expenses of his petition for compensation. The employer contends that under Section 440, only the claimant himself could be paid costs and that the referee could not therefore direct that the fee be reimbursed to the Union's representative, the claimant's counsel. We disagree. As was noted in *Bethlehem Mines Corporation, supra,* one of the purposes of Section 440 is to ensure that claimants who have successfully litigated their claims receive their compensation undiminished by the costs of litigation. We can find no requirement in Section 440 that would bar payment of costs to those who had incurred them on behalf of a claimant, which in this case is the Union. We, therefore, find that the referee committed no error in directing that the witness fee be reimbursed to the claimant's counsel.

ORDER

AND Now, this 21st day of June, 1977, the order of the Workmen's Compensation Appeal Board, dated 8 July 1976, is hereby affirmed.