Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and John Durick *v*. Republic Steel Corporation and Commonwealth of Pennsylvania. Republic Steel Corporation, Appellant.

Republic Steel Corporation, Petitioner *v*. Workmen's Compensation Appeal Board, John Durick and Commonwealth of Pennsylvania, Respondents.

Argued May 6, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Lenton L. Moyer,* with him *Ralph Davies,* and *Thomson, Rhodes & Grigsby,* for appellant.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski,* for appellee, Durick.

*Mary Ellen Krober,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE BLATT, July 26, 1977:

Republic Steel Corporation (Republic) appeals here from two orders of the Workmen's Compensation Appeal Board (Board). The first order directed Republic to pay a portion of an award made to John Durick (claimant) by a referee for full disability due to coal worker's pneumoconiosis and also ordered a remand for further findings of fact. The second order followed the remand and required Republic to reimburse certain litigation costs to the claimant's union. Republic's appeals from these orders are herein consolidated.

The claimant was employed in the bituminous mining industry of Pennsylvania for a period of 37 years, during the last 24 by Republic. He left his job on March 9, 1974 and filed a claim petition on Septem-

ber 27, 1974 under Section 108(q) of The Pennsylvania Workmen's Compensation Act[1] (Act) alleging that he had become totally disabled on August 15, 1974 from coal worker's pneumoconiosis as a result of being exposed to the hazard of coal dust. At the referee's hearings, the claimant testified personally and presented the deposition of an examining physician. The referee awarded compensation, finding that the claimant was totally disabled due to coal worker's pneumoconiosis and that this disability occurred on August 15, 1974. Both parties appealed this decision: Republic urging the claimant had not given it timely notice of his disability, and the claimant seeking reimbursement of the costs of the claim petition. The Board affirmed the referee's compensation order and ordered a remand for a finding of fact as to whether or not the contest in this case was reasonable. Pursuant to the remand order, the referee then held another hearing after which he assessed Republic the cost of the claimant's doctor's deposition as well as the costs of reproducing that deposition, and further ordered that these costs be reimbursed to the claimant's union. The Board affirmed this order and these appeals by Republic followed.

In a workmen's compensation case where the party with the burden of proof prevailed below, review by this Court is limited to a determination of whether or not the findings of fact are consistent with each other and the conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence, leaving to the referee the resolution of conflicts in the testimony and questions of credibility. *McIntosh v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 311, 360 A.2d 273 (1976). Republic argues here that (1) the claimant is ineligible for compensation because he failed to

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

give Republic notice of his disability within the period provided by the Act and (2) the Board erred as a matter of law in directing Republic to reimburse the costs of litigation to the claimant's union.

Section 311 of the Act, 77 P.S. §631, provides:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, *unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.* However, in cases of injury resulting from ionizing radiation or *any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

The referee found that the claimant was totally disabled as of August 15, 1974, the date on which the claimant's physician examined him and informed the claimant that he was totally and permanently disabled from coal worker's pneumoconiosis. The claimant notified Republic of his disability by certified letter on September 23, 1974. Republic argues here that the claimant's disability should be measured from his last day of work (March 9, 1974) and that, because he did not give Republic notice of his disability with-

in 120 days of this date, the claimant is ineligible for compensation. Simply stated, Republic contends that, because the claimant testified that he had been told by a physician some time prior to his leaving work that he had coal worker's pneumoconiosis, he knew or should have known that he was disabled for that reason on his last day of work, and that his notice of disability, as filed here, was therefore untimely.

In *Industrial Services Contracting v. Wilson,* 28 Pa. Commonwealth Ct. 83, 91, 367 A.2d 377, 381 (1977), we held that an individual is not disabled within the meaning of Section 311 until (1) he is disabled, and (2) he either knows or should know through the exercise of reasonable diligence of the existence of the disability and its possible relationship to his employment. Although there may be cases where a fact-finder could conclude that a claimant should have known of the existence of a disability and its possible relationship to his employment as of his last day of work, the referee here found otherwise and the record supports the referee's finding that, although the claimant had quit work on March 9, 1974, he was first informed by his physician on August 15, 1974 *that his total and permanent disability was due to coal worker's pneumoconiosis which had been contracted in his employment.* We therefore find no error in the Board's conclusion that the 120-day limitation period began to run from August 15, 1974 and that the claimant's notice of his disability to Republic was timely.

Republic urges also that the Board erred as a matter of law in affirming the referee's decision assessing against it certain costs of litigation pursuant to Section 440 of the Act, 77 P.S. §996. Section 440 provides in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in

whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings. . . .* (Emphasis added.)

We have previously recognized that the purposes of this section are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation. *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation,* 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976).

Republic argues first that stenographic costs are not assessable under Section 440. Section 440, however, clearly provides that a successful claimant may be awarded ". . . a reasonable sum for costs incurred for . . . witnesses." The stenographic costs assessed against Republic here were for the reproduction of depositions presented into evidence at the referee's hearings.[2] We believe that these expenses can be reasonably considered to be costs incurred for witnesses and that they may be properly awarded to a successful claimant pursuant to Section 440.

Republic also argues that the referee erred in directing it to reimburse these costs of litigation to the United Mine Workers of America (Union) to which the claimant belonged and which had paid those costs in the claimant's behalf and provided him with counsel. As we have recently held in *Cairnbrook Coal Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 620, 374 A.2d 766 (1977), a ref-

---

[2] The Pennsylvania Workmen's Compensation Act specifically permits the use of depositions in certain circumstances, *see* Section 422, 77 P.S. §835.

eree may direct a defendant to reimburse a successful claimant's union the costs of litigation, and we believe that such reimbursement is consistent with both the purposes of Section 440 and the principle that the Workmen's Compensation Act should be liberally construed.

The orders of the Board, therefore, are affirmed.

### Order

And Now, this 26th day of July, 1977, the order of the Workmen's Compensation Appeal Board docketed at A-71014 and dated May 14, 1976 is hereby affirmed.

### Order

And Now, this 26th day of July, 1977, the order of the Workmen's Compensation Appeal Board docketed at A-72040 and dated December 7, 1976 is hereby affirmed.