Harmar Coal Company and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Clara E. Ruskus, Widow of Joseph, Respondents.

Argued November 1, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*George H. Thompson*, with him *Hirsch, Weise & Tillman*, for respondents.

*Benjamin L. Costello*, with him *Kenneth J. Yablonski*, and *James N. Diefenderfer*, for respondents.

*Mary Ellen Krober*, Assistant Attorney General, with her, *David A. Ody*, Assistant Attorney General, for Commonwealth.

Opinion by Judge Rogers, December 30, 1977:

Harmar Coal Company and Old Republic Companies have appealed from a decision of the Work-

men's Compensation Appeal Board which affirmed a referee's order awarding workmen's compensation benefits to the claimant, Clara E. Ruskus. The Board additionally directed the Commonwealth of Pennsylvania, Harmar Coal Company and Old Republic Companies proportionately to pay to Clara E. Ruskus $100.00, that being the charge made by her doctor witness for testifying.[1]

The claimant is the widow of Joseph Anthony Ruskus. Mr. Ruskus retired on October 13, 1973 after having worked for 39 years in the coal mining industry. He died on January 5, 1974 and his widow filed a fatal claim petition on February 11, 1974 alleging that her husband had died from coal worker's pneumoconiosis. After a hearing on June 25, 1974 and the admission into evidence of a deposition of the claimant's doctor on October 25, 1974, the referee entered a decision and order awarding benefits to the claimant. The defendants appealed, contesting the rate of compensation awarded and the sufficiency of the evidence for any award. At oral argument before the Board, counsel for the claimant requested that the case be remanded so that the claimant might amend her claim petition from one under the Occupational Disease Act to one under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q). The Board remanded the case solely for this purpose and the claimant amended her petition. No additional evidence was offered and the parties stipulated that the record should be closed. The referee again awarded benefits to the claimant and this time both parties appealed to the Board. The

---

[1] 75% of compensation payable was assessed against the Commonwealth and 25% was assessed against the employer and/or its insurance carrier.

defendants' appeal again contested the rate of compensation and the sufficiency of the evidence. The claimant complained of the referee's failure to award the reasonable costs of litigation as provided by Section 440 of the Act, 77 P.S. §996, added by the Act of February 8, 1972, P.L. 25, §3. The Board affirmed the referee's order awarding benefits to the claimant; however, it additionally ordered the defendants to pay the claimant $100.00 to pay the doctor's charge for testifying, pursuant to Section 440 of the Act, 77 P.S. §996.

In the appeal to this Court, Harmar Coal Company and Old Republic Companies say first that Section 440 of the Act, 77 P.S. §996, violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 26 of the Pennsylvania Constitution which provides that the Commonwealth shall not discriminate against any person in the exercise of any civil right. Section 440 provides:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings. . . .

Section 440 was challenged on the same constitutional grounds in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 23 Pa. Commonwealth Ct. 517, 353 A.2d 79 (1976). We there upheld the statute. We very recently reaffirmed that holding in *J. R. Sales, Inc. v. Workmen's Compensation Appeal*

*Board,* 33 Pa. Commonwealth Ct. 115,     A. 2d
(1977).

Harmar Coal Company and Old Republic Companies also argue that they should not have been required to pay Clara E. Ruskus $100.00 as the reasonable charge of her doctor witness because the doctor's charge was actually paid by the United Mine Workers of America and not by the claimant. Basing their argument on an observation which this Court made in *Bethlehem Mines, supra,* that *one* of the purposes of Section 440 was to see that claimants would receive the workmen's compensation benefits undiminished by the costs of litigation, the defendants contend that, as a condition of imposing these costs on employers, claimants must prove that they personally will pay their litigation costs out of the sums awarded to them. Nothing we said in *Bethlehem Mines, supra,* including the observation referred to, suggests, much less requires, such proofs. It is sufficient, for the purpose of an award under Section 440, that the costs therein mentioned be incurred by or on behalf of the claimant in the litigation of his claim for benefits. Furthermore, although the doctor's charge seems to have been paid by the Union, the claimant's husband had, during his working years, paid moneys into the Union's compensation fund. The claimant's costs were paid by the fund. We discern no more reason to question the award in these circumstances than we would if the claimant had paid his costs out of his, or his family's, savings. There is nothing in Section 440 which suggests that the source of, or means by which the claimant would obtain the funds with which to pay his litigation costs should be determinative of his right to an award of such costs in a proper case.

Harmar Coal Company and Old Republic Companies additionally say that the Workmen's Compen-

sation Appeal Board was without authority to assess the doctor's charge to the defendants because, although the doctor's bill addressed to the United Mine Workers Union was in the record, the referee made no finding that this charge was incurred by the claimant. They suggest that the Board substituted its finding for that of the referee. This argument is also without merit. Although the Board's review of factual matters was restricted by the 1972 amendments to the Workmen's Compensation Act, its power to examine and decide matters of law remained. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Section 440, 77 P.S. §996 provides the general rule that in contested cases the employee or his dependent in whose favor the matter is finally determined *shall* be awarded a reasonable sum for costs incurred. The exception to this general rule is that the award of costs may be excluded where a reasonable basis for the contest is established. *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975). Whether there existed a reasonable basis for contest of liability was a question of law based on the record, on which the Board could rule.

The defendants' final argument is that the medical testimony of the treating doctor was insufficient and incompetent to sustain an award. Our scope of review in workmen's compensation cases where the party with the burden of proof prevailed below is to determine whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was not supported by the evidence. *Garden Coal Company v. Workmen's Compensation Appeal Board,* 27 Pa. Commonwealth Ct. 568, 367 A.2d 360 (1976). The claimant's physician-witness was a

board-certified internist who had treated the deceased over a period of four years. He testified that coal worker's pneumoconiosis was a substantial contributing factor to the death of the claimant's husband. The referee's findings in this regard are supported by substantial evidence.

We therefore enter the following:

ORDER

AND Now, this 30th day of December, 1977, Harmar Coal Company and/or its insurance carrier, Old Republic Companies, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are ordered and directed to pay compensation to the claimant, Clara E. Ruskus, widow of Joseph Anthony Ruskus, at the rate of $100.00 per week, beginning on January 5, 1974.

Of the said weekly amount of $100.00, the Commonwealth of Pennsylvania shall be liable for the payment of seventy-five (75) per cent thereof or the amount of $75.00, and the defendant, Harmar Coal Company and/or its insurance carrier, Old Republic Companies, shall be liable for the payment of twenty-five (25) per cent thereof or the amount of $25.00 per week.

The above order against Harmar Coal Company only shall bear interest on all deferred payments of compensation at the rate of ten (10) per centum per annum.

It is further directed that the claimant be paid the sum of $750.00 for reasonable burial expenses.

Bill of Costs is taxed against the liable parties according to the apportionment of liability set forth in the above order, in the sum of $100.00.