Harmar Coal Company and Old Republic Companies, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John E. Patla, Respondents.

Argued November 1, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

George H. Thompson, with him Hirsch, Weise & Tillman, for petitioners.

Benjamin L. Costello, with him Kenneth J. Yablonski and James N. Diefenderfer, for respondents.

Mary Ellen Krober, Assistant Attorney General, with her David A. Ody, Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE ROGERS, December 30, 1977:

Harmar Coal Company and Old Republic Companies have appealed from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's order awarding workmen's compensation benefits to the claimant and directing his employer, Harmar Coal Company and/or its insurer, Old Republic Companies to pay the bill of costs which was comprised of a $120.00 medical testimony fee and an $85.20 stenographer's fee for the transcription of the deposition of the claimant's doctor.

The claimant, John E. Patla, was employed in the coal mining industry as an underground worker for 27 years. He retired on August 31, 1973 and filed a claim petition for coal worker's pneumoconiosis with the Bureau of Occupational Injury and Disease Compensation on May 23, 1974. A hearing was held on January 22, 1975 at which the claimant testified and presented a medical report from his doctor. The employer appealed from the referee's decision to award benefits and the decision was reversed and remanded so that the claimant's doctor could be cross-examined by the defendant. On March 18, 1976, the deposition of the claimant's physician was taken and all interested parties were given the opportunity to cross-examine him.

The referee awarded benefits under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q). He assessed 75% of compensation payable against the Commonwealth and 25% against the employer and/or its insurance carrier pursuant to Section 305.1 of the Act, 77 P.S. §411.1. The referee also imposed the $120.00 medical testimony fee and the $85.20 stenographer's fee upon the employer and/ or its insurer as provided by Section 440 of the Act,

77 P.S. §996, added by the Act of February 8, 1972, P.L. 25, §3.

In this appeal, the employer challenges Section 440 of the Act, 77 P.S. §996, as violative of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 26 of the Pennsylvania Constitution which provides that the Commonwealth shall not discriminate against any person in the exercise of any civil right. Section 440 was challenged on the same constitutional grounds in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 23 Pa. Commonwealth Ct. 517, 353 A.2d 79 (1976). We there upheld the statute. We very recently reaffirmed that holding in *J. R. Sales, Inc. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 115, 381 A.2d 212 (1977).

The employer also argues that the costs for the doctor's testimony should not be imposed upon it because these bills would be paid by the United Mine Workers of America. The same argument was made by and disposed of against the employer in the very recent case of *Harmar Coal Company v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977). No further exposition of this subject seems to be needed.

The employer next argues that it was improper to impose the stenographer's fee of $85.20. We have recently held in *Workmen's Compensation Appeal Board v. Republic Steel Corporation*, 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977), that stenographic costs can be reasonably considered to be costs incurred for witnesses and, therefore, they may properly be awarded to a successful claimant under Section 440.

The employer's final argument is that the referee erred in permitting claimant's physician to express

his opinion of whether the claimant was suffering from pneumoconiosis because that physician was not a specialist in pulmonary disease. In *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975), we held that the question of whether an expert witness's knowledge or experience justifies admitting his opinion is one largely within the discretion of the referee. If the referee believed that the claimant's physician, based on his familiarity with the claimant's condition and his previous experience, was competent to express an expert opinion on the matter in question, then he was "justified in exercising his discretion in favor of allowing the doctor's opinion into evidence." *Jones & Laughlin Steel Corp., supra,* 22 Pa. Commonwealth Ct. at 474, 349 A.2d at 795. The record does not reveal an abuse of discretion.

We therefore enter the following:

### ORDER

AND Now, this 30th day of December, 1977, Harmar Coal Company and/or its insurance carrier, Old Republic Companies, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are ordered and directed to pay compensation to the claimant, John E. Patla, at the rate of $100.00 per week, beginning on April 16, 1974.

Of the said weekly amount of $100.00, the Commonwealth of Pennsylvania shall be liable for the payment of seventy-five (75) per cent thereof or the amount of $75.00, and the defendant, Harmar Coal Company and/or its insurance carrier, Old Republic Companies, shall be liable for the payment of twenty-five (25) per cent thereof or the amount of $25.00 per week.

The above order against Harmar Coal Company only shall bear interest on all deferred payments of compensation at the rate of ten (10) per centum per annum.

Bill of Costs is taxed against Harmar Coal Company and/or its insurance carrier, Old Republic Companies, in the sum of $205.20.