J. R. Sales, Inc. and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Hrinko, Respondents.

Argued November 1, 1977, before President Judge Bowman and Judges Crumish, Jr., Wilkinson, Jr., Rogers and Blatt.

*George H. Thompson,* with him *Hirsch, Weise & Tillman,* for petitioners.

*Gerard Long,* with him *James N. Diefenderfer,* for respondents.

*Mary Ellen Krober,* Assistant Attorney General, with her *David A. Ody,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE ROGERS, December 30, 1977:

J. R. Sales, Inc. and Old Republic Companies have appealed from that part of a decision of the Workmen's Compensation Appeal Board which affirmed a referee's order directing J. R. Sales, Inc., the claimant's employer and/or its insurance carrier, Old Republic Companies, to pay $150.00 to Eugene A. Creany, Esquire, counsel for claimant in this case, as reimbursement for the medical testimony fees paid to the claimant's doctor who testified, at the request of J. R. Sales, Inc., at a hearing before the referee. We affirm the Board's order.

The claimant, John Hrinko, retired from employment in the coal mining industry on March 16, 1974 after having worked underground in the mines for 36

years.   On November 28, 1975, he filed a claim petition for coal worker's pneumoconiosis with the Bureau of Occupational Injury and Disease Compensation.   A hearing was held on February 18, 1976 at which the claimant testified and presented a medical report from his physician.   At the request of J. R. Sales, Inc., a second hearing was held on April 22, 1976 for the purpose of allowing cross-examination of the claimant's doctor.

The referee awarded benefits under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q). He assessed 75% of compensation payable against the employer and/or its insurance carrier and 25% against the Commonwealth pursuant to Section 305.1 of the Act, 77 P.S. §411.1.   The referee also assessed the $150 fee for medical testimony against the employer and/or insurer as provided by Section 440 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25.

In this appeal, J. R. Sales, Inc. argues that Section 440 of the Act, 77 P.S. §996 violates the Equal Protection clause contained in the Fourteenth Amendment to the United States Constitution, and Article I, Section 26 of the Pennsylvania Constitution, providing that the Commonwealth shall not discriminate against any person in the exercise of any civil right. Section 440 provides:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value

of unreimbursed lost time to attend the proceedings....

The employer's constitutional challenge asserts that there is no reasonable basis for the classification of successful claimants who may be reimbursed for certain costs by the employer or its insurer and of successful employers and insurers who are not entitled to such reimbursement from a claimant.

The constitutionality of Section 440 was challenged on equal protection grounds, and we believe correctly upheld by this Court in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation*, 23 Pa. Commonwealth Ct. 517, 353 A.2d 79 (1976). There, we stated:

> The purposes of Section 440, 77 P.S. §996, are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation. These purposes are altogether consistent with the grant to the Legislature by Article 3, Section 18 of the Pennsylvania Constitution of the power to require the payment of compensation, to fix the amount of such compensation and to provide 'special and general remedies for the collection thereof.' In short, we find nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims.

23 Pa. Commonwealth Ct. at 521, 353 A.2d at 81. *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation, supra,* is controlling here and we again hold that Section 440, 77 P.S. §996 does not create an unreasonable classification in violation of the 14th Amendment or subject the employer or its

carrier to invidious discrimination in the exercise of their civil rights in contravention of Article I, Section 26 of the Pennsylvania Constitution.

The employer also contends that the amount of the doctor's charge for testifying should not have been awarded because the claimant failed to prove that he would pay the doctor. The employer's argument is grounded on our observation in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation, supra,* that *one* of the purposes of Section 440 was to ensure in such cases that claimants received workmen's compensation benefits undiminished by the costs of litigation. The employer construes this statement as creating a requirement that the claimant show not only that he has incurred costs but also that he personally will pay these costs out of the sums awarded to him. The record in this case is such that we do not have to decide the merits of this contention.

The only matters[1] in the record with respect to the doctor's charge are first, the following from the notes of testimony:

Q. [By claimant's counsel]  Doctor, what is the charge for your appearance here today?

A.  $150.00

[By claimant's counsel]

In the event of an Award, I request the cost of Doctor Klemens' appearance be entered here as a part of the costs involved.

and second, the following portion of the referee's award:

---

[1] The record does contain the claimant's statement that the United Mine Workers had referred him to Dr. Klemens for a medical examination and that the United Mine Workers had paid for the report of that examination. However, the cost of this report is distinct from the cost of Dr. Klemens' testimony at the hearing, and it is the question of who is actually paying for the latter which the employer has raised.

Medical testimony fees are hereby assessed against the defendant and/or its insurance carrier in the amount of $150.00, said reimbursement to be made to Eugene A. Creany, Esquire, counsel for the claimant.

The employer's counsel tells us in his brief that the claimant's counsel was also the attorney for the United Mine Workers; that the claimant did not testify that he personally would have to pay the doctor's. $150 charge; and that the claimant could not have testified that he personally would have to pay the doctor's charge. The implication is that the doctor would be paid by the union and that the award in this case would be paid to the union. There is simply no evidence in this record that the claimant's counsel was also the attorney for the United Mine Workers of America, that the claimant's attorney would pay the amount of the doctor's fee to that union as the employer implies, or that the claimant could not have testified that he would pay the doctor's charge. There is no evidence in this record that anyone other than the claimant would be liable for the doctor's bill, and a fair inference from the facts of record is that the $150 which was awarded to the claimant's lawyer would be used to discharge the claimant's obligation. It may well be that the actual facts are as the employer says, but we, and it, are bound by the record. It is not to be supposed, either, if the facts were indeed as the employer states, that we would strike down the award.

Accordingly, we enter the following:

ORDER

AND Now, this 30th day of December, 1977, it is hereby ordered that the claimant, John Hrinko, be paid the sum of $106.00 per week for the total dura-

tion of his said disability beginning October 30, 1975, 75 per cent of said $106.00, or $79.50, to be paid by the defendant and/or its insurance carrier, Old Republic Companies, and 25 per cent, or $26.50, to be paid by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation.

All compensation awarded herein will be paid to the claimant by the defendant, J. R. Sales, Inc. and/or its insurance carrier, Old Republic Companies, pursuant to Rule 121-21(b) of the Bureau of Occupational Injury and Disease Compensation.

Medical testimony fees are hereby assessed against the defendant and/or its insurance carrier in the amount of $150.00, said reimbursement to be made to Eugene A. Creany, Esquire, counsel for the claimant.

Accrued compensation shall bear statutory interest.

As no counsel fees were requested by counsel for the claimant in this case, none shall be assessed.

The appeal of J. R. Sales, Inc. and Old Republic Companies is hereby dismissed.