Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Ludwick Jesensek and Commonwealth of Pennsylvania, Respondents.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Edward A. McFarland,* with him *Ralph A. Davies,* and *Thomson, Rhodes & Grigsby,* for petitioner.

*Morrison F. Lewis, Jr.,* with him *Vincent J. Quatrini, Jr.,* for respondent, Jesensek.

*Lawrence W. Dague,* Assistant Attorney General, for respondent, Commonwealth.

OPINION BY JUDGE ROGERS, December 15, 1978:

Republic Steel Corporation has appealed from an order of the Workmen's Compensation Appeal Board which affirmed a referee's award of benefits to Ludwick Jesensek for total disability due to coal worker's pneumoconiosis.

Jesensek was employed in the coal mining industry in western Pennsylvania for 33 years. He left his job with Republic on January 28, 1974 and on March 12, 1975 filed a claim petition under Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(q), alleging that on February 15, 1975, he became totally disabled from coal worker's pneumoconiosis as a result of being exposed to the hazard of coal dust. The referee awarded compensation and assessed 50% of the amount of the award against the Commonwealth of Pennsylvania, and 50% against Republic pursuant to Section 305.1 of the Act, 77 P.S. §411.1.

Republic first says that the referee erred in finding that Jesensek had complied with the 120 day notice requirement of Section 311 of the Workmen's Compensation Act, 77 P.S. §631, which provides:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

The referee found the date of the injury to be February 15, 1975 when Jesensek's doctor reported to him by letter that he was totally disabled by coal miners pneumoconiosis. Republic's contention is that the referee in making that finding must erroneously have applied the "definite knowledge" standard of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq. instead of the "know or should know" test of Section 311 of the Workmen's Compensation Act. Republic says that Jesensek should have known of the occurrence of his injury long before February 15, 1975 be-

cause he filed for Federal black lung benefits before his retirement in January 1974, and additionally because his doctor told him he had black lung disease in May, 1974. Republic made the same argument in *Workmen's Compensation Appeal Board v. Republic Steel Corporation*, 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977). There, as here, the employee had been told by a physician before he left work that he had coal miner's pneumoconiosis and Republic said that it should have been found that he knew or should have known of the injury when he left work. We there wrote:

In Industrial Services Contracting v. Wilson, 28 Pa. Commonwealth Ct. 83, 91, 367 A.2d 377, 381 (1977), we held that an individual is not disabled within the meaning of Section 311 until (1) he is disabled, and (2) he either knows or should know through the exercise of reasonable diligence of the existence of the disability and its possible relationship to his employment. Although there may be cases where a fact-finder could conclude that a claimant should have known of the existence of a disability and its possible relationship to his employment as of his last day of work, the referee here found otherwise and the record supports the referee's finding that, although the claimant had quit work on March 9, 1974, he was first informed by his physician on August 15, 1974 *that his total and permanent disability was due to coal worker's pneumoconiosis which had been contracted in his employment.* We therefore find no error in the Board's conclusion that the 120-day limitation period began to run from August 15, 1974 and that the claimant's notice of his disability to Republic was timely. (Emphasis in original.)

31 Pa. Commonwealth Ct. at 305, 375 A.2d at 1371-72.

We discern nothing material in the facts of this case which should require a different result.

What we have just written, of course, disposes of Republic's argument that the record does not support a finding of February 15, 1975 as the date Jesensek knew of the injury.

Republic finally says that we should remand the record to require the referee to say whether he considered copies of Social Security records adduced by Republic at the hearing to show that Jesensek knew of his injury when he filed his Federal black lung claim. While the decision maker should consider the whole record, he is not required affirmatively to declare that he has considered each and every item of evidence the parties are able to have placed in the record. *See Locastro v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 390, 379 A. 2d 668 (1977). Furthermore, the referee here found as a fact that Jesensek filed a claim for Federal black lung benefits; he also found, significantly, that the claim had been denied.

Order affirmed.

ORDER

AND Now, this 15th day of December, 1978, the appeal of Republic Steel Corporation is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated June 16, 1977, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Ludwick Jesensek and against Republic Steel Corporation and the Commonwealth of Pennsylvania in the amount of $106.00 per week, beginning February 15, 1975 and continuing into the future according to the provisions of The Pennsylvania Workmen's Compensation Act.

Of the said weekly amount of $106.00, the Commonwealth of Pennsylvania shall be liable for the pay-

ment of fifty percent (50%) thereof or the amount of $53.00, and Republic Steel Corporation shall be liable for the payment of fifty percent (50%) thereof or the amount of $53.00 per week.

The above order against Republic Steel Corporation only shall bear interest on all deferred payments of compensation at the rate of ten (10) per centum per annum.