Sharon L. Crusan, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bethlehem Mines Corporation, Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Margaret D. Blough,* for petitioner.

*David N. Rutt,* with him *Greenlee, Richman, Derrico & Posa,* for respondents.

OPINION BY JUDGE ROGERS, June 12, 1979:

Sharon L. Crusan has appealed from a decision of the Workmen's Compensation Appeal Board affirming a referee's order denying her request for an award of attorney's fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Act of February 8, 1972, P.L. 25, §3, 77 P.S. §996.

While in the course of her employment as a laborer for Bethlehem Mines Corporation (Bethlehem), Ms. Crusan injured her back when she slipped while carrying a post. Ms. Crusan filed a claim petition for workmen's compensation benefits and Bethlehem filed an answer denying that her disability was the result

of a work related injury. A referee conducted two hearings at which Ms. Crusan testified and adduced medical reports and records. Bethlehem presented no evidence and limited its defense to the cross-examination of Ms. Crusan. The referee awarded compensation to Ms. Crusan but refused to award reasonable attorney's fees, despite a conclusion, called a finding, that Bethlehem had unreasonably contested the claim. The referee denied the request for attorney's fees because counsel was provided, assertedly without cost, to Ms. Crusan through a compensation fund administered by her union. Ms. Crusan appealed the referee's action to the Appeal Board which, basing its decision solely on the fact of the payment of the attorney's fees by the union, affirmed the referee's action. This appeal by Ms. Crusan followed.

Ms. Crusan says that the Board erred in holding that her request for attorney's fees was properly refused because the union provided her with representation. We agree with her. In *Harmar Coal Company v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977), we held that the payment of litigation costs by a union compensation fund to which a claimant has contributed does not preclude an award of reasonable costs under Section 440 in a proper case.

Bethlehem further argues that, even if the award of attorney's fees may not be withheld by reason of the union's involvement, the referee erred in concluding that Bethlehem unreasonably contested Ms. Crusan's claim. The Appeal Board as we have noted did not reach the issue of reasonable contest. We believe that it is appropriate for the Appeal Board to decide this issue in the first instance and therefore vacate its order and remand so that it may do so.

Order vacated; record remanded for further proceedings consistent herewith.

## Order

AND Now, this 12th day of June, 1979, the order of the Workmen's Compensation Appeal Board is vacated; the record is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.