Irma Jean Messer, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Commonwealth of Pennsylvania, Department of Public Welfare, Respondents.

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Lawrence Solomon,* for petitioner.

*Paul J. Dufallo,* Associate Counsel, for respondent, State Workmen's Compensation Appeal Board.

*James S. Marshall,* Assistant Attorney General, for respondent, Department of Public Welfare.

OPINION BY JUDGE WILLIAMS, JR., June 26, 1981:

In this workmen's compensation appeal by Irma Jean Messer (claimant), the sole issue before us is whether the Workmen's Compensation Appeal Board erred in denying the claimant attorney's fees, after an unsuccessful effort by her employer to terminate her compensation.[1] Claimant contends that the termination proceeding initiated by her employer had no reasonable basis and that, therefore, she is entitled to attorney's fees.

The controlling law on this issue is Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, which provides that attorney's fees are not due as part of a claimant's award where "a reasonable basis for the contest has been established." Whether there exists a reasonable basis for a contest of liability is a question of law based on the record. *Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977).

The record reveals that claimant was employed by the Department of Public Welfare (employer) as a cook at Haverford State Hospital. On June 22, 1972, she sustained an injury when she slipped on a wet floor while performing her duties. That injury has been diagnosed as a protruded lumbar disc. As a result of her injury, claimant collected workmen's compensation benefits at the rate of $79.19 per week for

---

[1] The Board's order, while it modified the referee's decision as to certain costs, affirmed the referee's decision that the claimant's total disability compensation should continue and that the employer's contest had a reasonable basis.

total disability. In 1974, employer sought to reduce the rate of compensation, but this was disallowed by the referee after review and total disability benefits continued.

Then, on March 18, 1977, the employer filed a Petition to Terminate compensation, contending that disability had ceased as of March 8, 1977. As grounds for that contention, employer attached an affidavit of recovery signed by Dr. John Williams, who had examined the claimant on employer's behalf on March 8, 1977.

At the subsequent hearing before the referee, Dr. Williams testified that there was the possibility that claimant had sprained her back but that there was no permanent physical disability. The doctor further testified that his determination that claimant possessed no permanent physical disability was based in part on the fact that during the course of his examination of claimant, she claimed to be experiencing pain in areas where no pain should have existed, given the type of injury she had. It was Dr. Williams' testimony, moreover, that X-rays taken revealed no degenerative joint disease which could be a source of pain.

Claimant presented conflicting medical evidence through the deposition of Dr. Parvis Kambin, who stated that claimant still had a protruded lumbar disc; that he would not expect a protruded lumbar disc to heal; and that claimant's condition had either remained the same or become worse.

The referee determined that the claimant's disability had not decreased or subsided and, therefore, she qualified for continued benefits for total disability. The referee further determined that the employer had properly relied upon Doctor Williams' medical opinion as grounds for filing the termination petition. Accordingly, the referee concluded that there existed a reasonable basis for the contest.

Claimant's principal argument that the contest was unreasonable rests on two contentions. She first contends that there was no factual basis for the medical conclusion of employer's expert that claimant's disability had ceased. We cannot agree.

It is clear from the record that the doctor's medical opinion was based on his findings from the extensive examination of the claimant which he conducted and which included the taking of X-rays and the administering of a series of tests. The examination itself constitutes the factual basis for the doctor's medical conclusions. We believe an employer is entitled to rely on the medical opinion of its expert as grounds for initiating a workmen's compensation proceeding to terminate benefits where, as here, the medical expert has undertaken a medical examination of the claimant within a reasonable time prior to the filing of the termination petition. The referee in the instant case chose not to accept the opinion of the employer's physician, but that is no indication that a reasonable basis for the contest did not exist. Conflicting medical evidence—in this case on the issue of whether disability had ceased—justifies a contest. *See A. P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979).

Claimant next contends that the employer's use of the testimony of Dr. Williams were merely an attempt by employer to relitigate the issue of the original disability. As for this contention, it appears that claimant misconceives the purpose of a Petition to Terminate. The litigation in such matters centers around the issues of whether the original disability as found continues, or whether it has ceased as of the date claimed in the termination petition. The record reveals that such was the scope of the litigation in the instant appeal.

For the foregoing reasons we cannot conclude that the employer's contest was unreasonable. Accordingly, we will affirm the Board.

### ORDER

AND Now, the 26th day of June, 1981, the Order of the Workmen's Compensation Appeal Board, at No. A-76955, is hereby affirmed.