United States Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Betty Jane Mehalovich, Widow of Michael Mehalovich), Respondents.

United States Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Angeline Kuchoric, Widow of William Kuchoric), Respondents.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Robert C. Jones*, with him *Roger L. Wise*, for petitioner.

No appearance for respondents.

OPINION BY JUDGE MacPHAIL, March 8, 1983:

United States Steel Corporation (Employer) brings this consolidated appeal from two separate orders of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee.

Despite the Employer's success in prevailing before the referee in each of these cases it appealed to the Board contesting the referee's failure to award the Employer costs, including attorneys' fees, for attending and preparing these cases, which the Employer alleges were brought in bad faith. The Board affirmed the referee's denial of costs in both cases stating the Pennsylvania Workmen's Compensation Act (Act) does not provide for the payment of costs or counsel fees to the employer.[1]

Employer asks this Court to reverse the orders of the Board, remand the case for a determination as to

---

[1] Section 440 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996 provides:

whether or not the Claimants or their counsel commenced these actions[2] in bad faith, and direct that reasonable costs, including attorneys' fees, be assessed against Claimant in the event bad faith is found. We, however, cannot grant Employer's requested relief.

Section 440 of the Act imposes attorneys' fees, inter alia, on an employer when it unreasonably contests a claim. However, the Legislature has not expressly provided for an award of attorneys' fees in favor of the employer when a claimant files an action in bad faith. The petitioning Employer asserts that such an award is implicit in the Act and furthers pub-

---

In any contested case where the insurer has contested liability in whole or in part, *the employe* or his dependent, as the case may be, in whose favor the matter at issue has been finally determined *shall be awarded*, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, *That cost for attorney fees may be excluded when a reasonable basis for the contest has been established:* And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or in part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth. (Emphasis added.)

[2] Claimant Mehalovich was denied workmen's compensation benefits because the referee found her claim was barred by the statute of limitations. Claimant Kuchoric was denied benefits by the referee because she filed a second claim petition identical to the first. The second claim was controlled by the adjudication of the first and thus barred by the doctrine of res judicata. We note that courts are sometimes importuned to hear frivolous claims.

lic policy against the bad faith commencement of legal actions. Employer contends that if the Act is interpreted to preclude such an award of costs and attorneys' fees to an employer when a claimant commences an action in bad faith, that this classification violates the Equal Protection provisions of the United States and Pennsylvania Constitutions.[3]

Initially, we note the axiomatic premise that there is a strong presumption in favor of the constitutionality of an act of the Legislature and the burden lies heavily upon one challenging the Act to show that it clearly, plainly and palpably violates the Constitution. *Snider v. Thornburgh,* 496 Pa. 159, 166, 436 A.2d 593, 596 (1981). This presumption reflects on the part of the judiciary the respect due the Legislature as a co-equal branch of government. The courts must properly defer to the Legislature in the exercise of its function and may refuse to enforce a statute only if it clearly and plainly violates the Constitution. *Snider.*

Absent an invidious discrimination against a suspect class or the burdening of a fundamental right, as in this case, a legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Frontiero v. Richardson,* 411 U.S. 677 (1973).

When applying the rational relationship test to Section 440 of the Act challenged here, we must conclude, as we did in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.,* 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976) that the purposes of Section 440 of the Act are:

> [T]o deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive com-

---

[3] U.S. Const. amend. XIV, §1; Pa. Const. art. I, §26.

pensation undiminished by the costs of litigation. These purposes are altogether consistent with the grant to the Legislature by Article 3, Section 18 of the Pennsylvania Constitution of the power to require the payment of compensation, to fix the amount of such compensation and to provide "special or general remedies for the collection thereof." In short, *we find nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims.* (Emphasis added.)

We see no reason where an employer should be anymore entitled to the award of costs and attorneys' fees than an insurer, and as such, we adopt the analysis of *Bethlehem Mines Corp.*[4]

The Workmen's Compensation Act is remedial legislation and must be liberally construed to accomplish its humanitarian purposes. Borderline interpretations must be resolved in favor of those it was intended to benefit, the employees. *Wall v. Conn Welding and Machine Co.,* 197 Pa. Superior Ct. 360, 179 A.2d 235 (1962). Section 440 benefits the employee by affording Claimants the ability to receive costs, including attorneys' fees in the event an employer pursues an unreasonable appeal. To allow the reverse would inhibit the employee from pursuing an administrative action in his own behalf for fear he would be assessed heavy costs if he lost. Such a result was neither intended nor implied in this remedial statute. As Judge CRAIG wrote in *Lily-Penn Food*

[4] *See also J. R. Sales, Inc. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 115, 381 A.2d 212 (1977); *Cairnbrook Coal Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 620, 374 A.2d 766 (1977).

*Stores, Inc. v. Milk Marketing Board* (No. 183 C.D. 1981, filed January 21, 1983, slip op. at 15), "access to administrative tribunals cannot be discouraged by a threat of heavy costs if one loses." We do not deny that employees, as well as employers, are capable of bringing frivolous appeals; however, the statute's purpose is clearly to further the interests of claimants. As such, we must hold that Section 440 as written is rationally related to a legitimate governmental interest.

We determine, accordingly, that the classifications involved here have a reasonable, rational relationship to the legitimate purposes of the Act; thus Employer's equal protection argument must be rejected.

Employer agrees that attorneys' fees are not ordinarily awarded to the prevailing litigant. It contends, nevertheless, that workmen's compensation appeals should follow the lead of the Federal Courts and the Pennsylvania Judicial Code to carve out an exception to this general rule when an action is filed in bad faith.

Employer cites to Section 2503 of the Judicial Code, 42 Pa. C. S. §2503 which provides in pertinent part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

This section of the Judicial Code is not applicable in an administrative action, such as a workmen's compensation claim. The Judicial Code applies only to

the court and district justices of the Commonwealth,[5] not to administrative tribunals.

Employer's reference to the fee provisions of the Civil Rights Law, 42 U.S.C. §§1988 and 2000 e-5 and cases construing the same, are not persuasive to us. We must note again the unique remedial purpose of the Act and the absence of a specific provision in it comparable to that found in the Civil Rights Law. We need only state the obvious: it is for the legislature to remedy a statutory deficiency, *if* in *their* judgment, one exists.

Absent a specific provision in the Act assessing costs to an employer when a claim was pursued in bad faith, and absent a valid equal protection challenge, as here, neither the workmen's compensation authorities, nor this Court is authorized to review workmen's compensation claims to determine if the claimant pursued the action in bad faith and, if so, to impose attorneys' fees and costs on the claimant.

ORDER

It is ordered that the orders of the Workmen's Compensation Appeal Board dated and numbered, July 24, 1980—A-78553 and July 24, 1980—A-78560 are hereby affirmed.