John Papernik, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United States Steel Corporation, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski,* for petitioner.

*R. M. Guttshall, III,* for respondents.

OPINION BY JUDGE CRAIG, April 18, 1979:

In *Workmen's Compensation Appeal Board v. Republic Steel Corp.,* 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977), we held that stenographic costs incurred for the reproduction of the deposition of the *claimant's* medical witness, which was presented into evidence before the referee, was a cost of litigation which could be assessed against the employer in favor of the prevailing claimant as a ". . . reasonable sum for costs incurred for . . . witnesses," under Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1]

This appeal presents the question whether, on the facts of this case, the costs incurred for the repro-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996. The pertinent portion of the provision reads:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings. . . .

duction of the deposition of the *employer's* medical witness, for the use of the claimant's attorney in assessing the employer's position and checking for inaccuracies in the deposition, is also a cost of litigation, reimbursable to the successful claimant under Section 440 of the Act.[2]

It is a fundamental principle that the Act, being remedial in nature, receives a liberal construction and every reasonable intendment of the language of the Act should be upheld in favor of the employee. *Sims v. American Can Co.,* 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972).

The purpose of Section 440 is to deter unreasonable contests by employers and to insure that a successful claimant receives compensation undiminished by necessary costs of litigation. *See Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 110, 381 A.2d 219 (1977); *J. R. Sales, Inc. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 115, 381 A.2d 212 (1977); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation,* 23 Pa. Commonwealth Ct. 517, 353 A.2d 79 (1977).

In a proper situation, Section 440 could be the basis for reimbursement for the stenographic cost of a copy of the deposition of a defendant's medical witness. The reference to expenses for "witnesses" in that section is not confined to those witnesses produced by the claimant.

Here the claimant argues that a copy of the deposition of defendant's medical witness was essential

---

[2] Here the referee awarded compensation, and ordered reimbursement for costs of the deposition of claimant's physician presented into evidence but refused reimbursement for the cost of claimant's own copy of the deposition of the employer's physician. The Board affirmed on an appeal limited to the issue of the refusal of that cost.

to the prosecution of claimant's case. However, the Board did not agree.

The Board reviewed the litigation history of this case and found that the deposition copy was not reasonably essential.[3] We cannot substitute our judgment for that of the Board on that question of reasonableness. We therefore affirm the Board.

### Order

AND Now, this 18th day of April, 1979, the decision of the Workmen's Compensation Appeal Board at Docket No. A-72617 is affirmed.

---

[3] The Board acknowledged that a personal copy helps to prepare a case but observed that claimant's attorney's presence and participation at the deposition permitted him to be familiar with the position taken by the witness.