509 A.2d 427

Duquesne Light Company, Petitioner *v.* Workmen's Compensation Appeal Board (Birx, Jr.), Respondents.

Argued October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John A. Lee,* for petitioner.

*William Caroselli,* with him, *John W. McTiernan, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, George A. Birx, Jr.

OPINION BY JUDGE DOYLE, May 5, 1986:

Duquesne Light Company (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) awarding benefits for total disability to George A. Birx, Jr. (Claimant).

On May 6, 1980, Claimant filed a workmen's compensation claim petition alleging that as a result of long and continuous exposure to deleterious dust, fumes and particulate matter (primarily asbestos), over the course of approximately twenty-five years of employment with Employer, he had become totally disabled on June 4, 1979, with esophageal and laryngeal carcinoma.

A hearing was held before a referee on August 7, 1980, during which Claimant presented three of his former co-employees who testified concerning Claimant's job duties and exposure to the allegedly deleterious substances. The hearing was then continued to allow Claimant an opportunity to obtain the deposition of a medical witness, Dr. Michael Wald, for proof of causation. This deposition was taken on October 14, 1980, and a second hearing was held on December 4, 1981. At this time, Employer submitted several medical exhibits, one of which was objected to by Claimant. The objection was not ruled upon at the time, as both parties expressed a desire to present their positions via letters to the referee. For an undisclosed reason, Claimant did not formally submit the deposition of Dr. Wald at the hearing, but merely requested that he be permitted to submit a bill of costs along with his proposed findings of facts and conclusion of law at a later date.

On January 4, 1982, Claimant sent a letter to Employer, copied to the referee, withdrawing his objection and indicating that his bill of costs and proposed findings and conclusions would be forwarded to the referee within the next thirty days. These documents were mailed to the referee on January 28, 1982. In his

proposed findings and conclusions, Claimant referred extensively to the deposition of Dr. Wald. The deposition itself was also mailed to the referee, but under cover of a separate letter, dated January 29, 1982.

The referee awarded Claimant all of the requested costs, adopted verbatim the Claimant's proposed findings of facts and conclusions of law, and issued a decision in Claimant's favor, dated January 29, 1982.

Employer appealed to the Board on the basis that the referee had relied on evidence, specifically the deposition testimony of Dr. Wald, which had not yet been received by the referee on January 29, 1982, and thus was not of record as of the date of his decision. Employer also appealed the award of costs to Claimant for reports which had been introduced into evidence by Employer.

The Board remanded the case to the referee stating that it appeared that the record had been closed prematurely. A supplemental hearing was conducted on October 6, 1982, at which time Claimant formally offered the deposition of Dr. Wald, along with a report from him dated April 24, 1980, a notice letter sent to Employer on April 30, 1981 and a bill of costs. Employer maintained a continuing objection to the introduction of any new evidence at this hearing. On December 30, 1982, the referee issued a second decision, fully consistent with his prior decision with the exception that a charge for one medical report was deleted from the assessed costs.

Employer again appealed to the Board, renewing his argument that the referee's findings of fact and conclusions of law regarding medical causation were not supported by evidence properly of record because the deposition and medical report of Dr. Wald were not introduced prior to the referee issuing his first decision. Employer also stated that Claimant's bill of costs had

not been properly introduced, and that in addition, none of such costs were properly reimbursable to Claimant within the provisions of Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1]

The Board affirmed the second decision of the referee, stating that Employer's argument regarding the report and testimony of Dr. Wald was now irrelevant because any technical defect had been cured upon remand.

Employer appeals to this Court on essentially the same bases as to the Board, arguing that the Board exceeded its powers in remanding the case, and additionally erred in ignoring Employer's argument that costs had been incorrectly assessed.

With respect to Employer's contention that the Board exceeded its powers, we point out that the essence of both Employer's appeals to the Board was merely that the findings of fact on which the referee based his initial decision were not supported by any evidence in the record. The Board *agreed* with this argument. Under these circumstances, however, the Board always has the option to employ its own evidentiary hearing with respect to the resolution of questions of fact or to order a remand for rehearing by the referee. *Borovich v. Colt Industries*, 492 Pa. 372, 424 A.2d 1237 (1981). We do not believe, therefore, that any error occurred.

Regarding Employer's second argument, that Claimant was improperly awarded reimbursement of costs, we first note that the referee did make a reassessment of appropriate costs following the remand, although this was done without further discussion. The Board did not

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

address the issue, thereby implicitly affirming the reassessment.

In his first decision, the referee awarded the following costs to Claimant:

| | |
|---|---|
| Suburban General Hospital Medical Records | $ 6.00 |
| Allegheny General Hospital Medical Records | $ 28.00 |
| Health Center Associates Examination & Report | $143.00 |
| Health Center Associates Deposition | $300.00 |
| Powers & Garrison Deposition & Transcript | $ 92.15 |
| Mease Hospital & Clinic Hospital Records | $ 64.25 |
| | $633.40 |

In his second decision, this award was altered only by the deletion of the charge for the Mease Hospital & Clinic records, bringing the new amount to $569.15.

Employer now contests the award of costs for the report and deposition from the Health Center Associates, as well as the deposition transcription by Powers & Garrison, inasmuch as these charges all relate to the testimony of Dr. Wald, and thus, pursuant to Employer's primary argument, were never properly introduced into evidence. We reject Employer's argument regarding these costs for the same reason we rejected Employer's primary argument regarding this testimony.

Employer also contests the award of costs to obtain medical records from Suburban General Hospital and Allegheny General Hospital for the reasons that these records do not fit under any category of costs recoverable pursuant to Section 440 of the Act, and, in addition, were offered into evidence by Employer rather than by Claimant.

Section 440 states that a claimant may be awarded "a reasonable *sum* for *costs* incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings." It is fundamental that the Act, being remedial in nature, must receive a liberal construction in favor of the employee, *Papernik v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 81, 83, 399 A.2d 1205, 1206 (1979). Accordingly, we believe that costs paid to a hospital for the duplication of records which were *used* by a witness may appropriately be considered a cost of a witness pursuant to Section 440. In the present instance, the records from Suburban General Hospital and Allegheny General Hospital were used by Claimant's medical expert, Dr. Wald, in preparing his deposition testimony. Employer's contention that the costs of these records cannot be awarded to Claimant because the records were offered into evidence by Employer is meritless. Which side offers an exhibit into evidence is irrelevant for the purpose of determining costs under Section 440. As noted above, these records were used by Claimant's witness, but even had that not been the case, we have stated previously that "[t]he references to expenses for 'witnesses' in [Section 440] is not confined to those witnesses produced by the claimant." *Papernik*, 42 Pa. Commonwealth Ct. at 83, 399 A.2d at 1207.[2] It would, of course, be a different matter if Claimant had not actually incurred the cost. We note that during the October 6,

---

[2] The Court stated in *Papernik* that "[i]n a proper situation, Section 440 could be the basis for reimbursement for the stenographic cost of a copy of the deposition of a defendant's medical witness." *Id*. at 83, 399 A.2d at 1207. The Court also stated, however, that it could not substitute its judgment for that of the Board on the issue of reasonableness. Thus the Board's denial of this cost was affirmed. *Id*.

1982 hearing before the referee, the following exchange occurred with respect to the hospital records in question.

> Mr. Lee [Attorney for Employer]: I gave you — I don't know why you're charging for records we gave you and we paid for. That's all.
>
> Mr. McArdle [Attorney for Claimant]: Mr. Referee, I'll clarify that and if, in fact, the records were obtained by defense counsel rather that our offer [sic], I will withdraw our request for those particular costs.

Claimant's attorney did *not* withdraw the request, and Employer is not now arguing that these records were not independently obtained by Claimant's counsel as well as by Employer's. Upon the facts available to him the referee concluded that the records constituted a reasonable cost of Claimant, and we may not second-guess him. *Papernik.*

We will affirm the Board.

ORDER

Now, May 5, 1986, the Order of The Workmen's Compensation Appeal Board, No. A-85308, dated April 19, 1984, is affirmed.