528 A.2d 1020

Boeing Vertol Company and Aetna Life & Casualty Company, Petitioners *v.* Workmen's Compensation Appeal Board (Coles), Respondents.

Argued April 22, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS, and PALLADINO.

*Peter J. Weber,* with him, *H. Coleman Switkay, Marc S. Raspanti, Rawle & Henderson,* for petitioner.

*John J. McAuliffe, Jr.,* for respondent, Donald Coles.

OPINION BY JUDGE CRAIG, July 15, 1987:

Boeing Vertol Company, as employer, has appealed the Workmen's Compensation Appeal Board's affirmance of a referee's decision granting total disability benefits to claimant Donald Coles, employed as an engineering writer of technical manuals. The referee found that stressful employment situations and events caused the claimant to suffer a compensable injury in the nature of an aggravation of pre-existing cardiovascular disease.

The employer's primary contention is that the claimant's subjective reaction to normal work conditions was the sole cause of the cardiac injury, and that it therefore should be deemed to be non-compensable. Secondarily, the employer contends that the referee should not have included the cost of medical data copies and referee's hearing transcripts as part of the costs and fees awarded to the claimant.

### The Causation Issue

This court has recognized that worker compensation cases involving mental or psychological elements fall into three categories:

1. Psychological stimulus causing physical injury;

2. Physical stimulus causing psychic injury; and

3. Psychological stimulus causing psychic injury.

Note, Jones, *Gray Areas and Gray Matter: Compensable Psychic Injury under Pennsylvania Workmen's Compensation Law,* 91 Dick. L. Rev. 583 (1986). This court has struggled particularly with the third category, involving mental and nervous disabilities resulting from work-related stress. *See Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (DeMay),* 87 Pa. Commonwealth Ct. 558, 487 A.2d 1053 (1985). Recognizing that medicine is not an exact science and confronted with the difficulty of identifying the linkage between intangible stress elements on the job and the similarly intangible nature of psychic injury, this court has been concerned about the adequacy of proof in such cases. "Due to the highly subjective nature of psychiatric injuries, the occurrence of the injury and its cause must be adequately pinpointed." *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa.

Commonwealth Ct. 449, 455, 423 A.2d 784, 787 (1980). In that case, where this court disallowed benefits to a claimant whose mental disability stemmed from his fear that a job site explosion might recur, we held that "evidence of an employee's subjective reaction to being at work and being exposed to normal working conditions is . . . [not a compensable] injury under the act." 55 Pa. Commonwealth Ct. at 456, 423 A.2d at 788.

However, this case clearly does not fall into that third category, the mental-mental cases. This case involves *physical* cardiovascular injury found to have been caused by psychological stress at the job, a classic example of the first category listed above. The referee's pertinent findings were as follows:

7. In his position as an engineering writer, he was assigned to a project to prepare a manual for a helicopter being developed by the defendant for the Royal Air Force.

8. Testimony by the claimant and by Mr. Farris and Mr. Ortlief of Boeing Vertol showed that the RAF project claimant was assigned to was already behind schedule as of the time claimant was assigned to the project.

9. Claimant has testified to at least one dozen incidents at work involving discussions, meetings, deadlines, and arguments occurring at work with his senior lead men and supervisors resulting in claimant feeling dizzy, headachy and ill and in some occasions leaving work early. The Referee accepts such testimony as credible.

10. The testimony of the defendant presented on the incidents at work described by Claimant, did not contradict claimant's testimony, but in fact corroborated claimant's version of what occurred.

11. The claimant presented the testimony of Dr. Donald Heiman, board certified in inter-

nal medicine. Dr. Heiman testified that as a result of the incidents that occurred at work involving his supervisors, claimant suffered a significant aggravation of a pre-existing hypertensive cardiovascular disease that resulted in claimant not being able to return to his employment at Boeing Vertol and further that claimant was disabled from performing any work where he would be subject to anxiety, apprehension or emotional tension. The Referee accepts the testimony of Dr. Heiman as competent and credible.

12. The Referee notes that the defendant's medical witness, Dr. Norman Makous, in his testimony stated that claimant's complaints of headache, dizziness and shortness of breath, that these symptoms may have been related to claimant's work environment and if claimant perceived events at work as stressful, then the symptoms may have been produced by work at Boeing Vertol.

. . . .

14. The Referee finds as a fact that claimant sustained a compensable injury while at work for defendant, Boeing Vertol. The injury was in the nature of an aggravation of pre-existing hypertension and cardiovascular disease caused by the stress to claimant by the problems he incurred at work.

Of course, this court cannot negate those findings if they are supported by substantial evidence,[1] and the record here provides that support.

---

[1] This Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The employer seeks to attack the causation link by urging that we apply the proof principles of the mental-mental category to this mental-physical case, in which there is no dispute concerning the fact of injury to physical organs. Then, proceeding upon that basis, the employer further urges that we characterize the stressful events and situations described in the claimant's testimony as simply the claimant's subjective—*i.e.,* imagined—version of events and situations which, according to other testimony deemed favorable by the employer, were not in fact stressful.

In actuality, however, the employer's analysis is a skillful attempt to escape the referee's power to make credibility determinations; the employer's argument assumes the verity of the employer's testimony in order to eliminate the claimant's testimony from consideration on the theory that it is just a reflection of his subjective reaction. But, in heart attack cases as well as in other cases, the referee is the finder of fact, *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981), and, as always, has the responsibility and power to determine which of various conflicting accounts are to be believed. *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Gussey),* 91 Pa. Commonwealth Ct. 112, 116, 496 A.2d 1277, 1279 (1985).

Examination of the record discloses that testimony concerning the claimant's working conditions was conflicting, but, with substantial evidence present on both sides, the referee expressly found the claimant's testimony to be credible as to actual facts, being corroborated by employer witnesses in some instances. (Findings Nos. 9, 10.) Similarly, the referee weighed the testimony of the medical experts on both sides, with respect to the crucial matter of the causation linkage, and expressly found the testimony of the claimant's expert to be competent and credible. (Finding No. 11.)

Therefore, analysis shows that this case rests upon considerations of the substantiality of evidence and the credibility of testimony, rather than upon any matter of subjective reaction. Moreover, there is no basis for extending the concerns with which we struggle in the psychic injury cases to physical injury situations like the present case.

### Reimbursement of Legal Counsel Expenses

Among the costs which the referee awarded to the claimant were sums for notes of testimony taken before the referee at two different hearings and costs of reproducing medical records of two hospitals and three physicians.

In challenging the inclusion of these costs for reimbursement, the employer cites section 440 of The Pennsylvania Workmen's Compensation Act,[2] which allows

a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination and the value of unreimbursed lost time to attend the proceedings . . . .

Because the quoted language does not expressly refer to transcript expenses or copy reproduction expenses, the second question is whether reimbursement of those costs may be included within the concept of attorney's fee or the concept of expenses for witnesses.

With respect to medical record copies, an earlier decision of this court has settled the point that costs incurred for such copies, when they are actually used in the case, are reimbursable. *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Birx, Jr.),* 97 Pa. Commonwealth Ct. 13, 509 A.2d 427 (1986).

Although this court has also held that the expense of *deposition* transcripts is reimbursable when necessary

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996.

for presentation of the case, *Papernik v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 81, 83, 399 A.2d 1205, 1207 (1979), the court has not previously considered the matter of reimbursement for *hearing* transcript costs.

The employer points out that a previous decision of the board has refused reimbursement for hearing transcript costs, *Balko v. Lobster Pot Restaurant*, Docket No. A-71176 (1976).

Certainly, in construing terms of a statute governing the responsibilites of administrative agencies, the courts give weight to the interpretation which the expert administrative agency has adopted. *Masland v. Bachman*, 473 Pa. 280, 291, 374 A.2d 517, 522 (1977).

Consonant with that principle, however, we also have the board's decision in the present case, where the board expressly considered the appropriateness of reimbursing reproduction and transcript costs and construed them to be allowable under the statutory provision quoted.

The cost of making copies of medical exhibits is indispensably related to preparation and examination of witnesses. Similarly, transcripts of testimony in the proceeding itself are frequently essential for the accurate and effective prosecution of the matter. The conclusion must be that the questioned costs are allowable, when found to be reasonably necessary for presentation of the case, consistent with the principle of interpreting the act liberally with respect to claimants' concerns.

## Conclusion

The decision of the board should be affirmed.

### ORDER

Now, July 15, 1987, the decision of the Workmen's Compensation Appeal Board, at Docket No. A-87163, is affirmed.

CONCURRING OPINION BY JUDGE DOYLE:

I concur with both the analysis of the issues and the conclusion reached by the majority, and write only to make clear that my dissent in *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (DeMay)*, 87 Pa. Commonwealth Ct. 558, 568, 487 A.2d 1053, 1058 (1985), where I would have required an unusual stressful condition *for the particular position in question,* dealt with a situation of psychological stimulus causing a psychic injury. As the majority opinion correctly points out, the injury presented to us here is a cardiac physical injury, not a psychic injury. *See Griesinger v. Workmen's Compensation Appeal Board (Atlantic Richfield Co.),* 94 Pa. Commonwealth Ct. 332, 503 A.2d 1016 (1986); *Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 82 Pa. Commonwealth Ct. 390, 476 A.2d 1377 (1984).

---

CONCURRING OPINION BY JUDGE PALLADINO:

Because this case is not a psychic injury case, reference to that body of law in the majority opinion is inapposite.

The claimant in this case sustained an aggravation of preexisting hypertension and a cardiovascular condition caused by stress from his work. The claimant does not assert that he sustained a psychic injury as a result of subjective reactions to normal working conditions. The claimant's entitlement is based upon the fact that he sustained a compensable injury which consisted of aggravation of a preexisting condition and the nexus of causation was stress.

The employer's contention that the claimant's subjective reaction to normal working conditions was the sole cause of the cardiovascular injury has no merit and should be summarily dealt with.