555 A.2d 270

William S. Gratta, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Barry Sichi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Vincent F. Pascarella, John Coleman, Jr. and Francine K. Miceli, et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs January 4, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*John Stember, Neighborhood Legal Services Association*, with him *Mary-Win O'Brien*, United Steelworkers of America, for petitioners.

*Gary L. Kelley*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 1, 1989:

In these consolidated cases, William Gratta, Richard Wilson, Barry Sichi, and Vincent F. Pascarella, et al., past employees of Wheeling-Pittsburgh Steel Corporation's plant in Monessen, PA are appealing a decision

of the Unemployment Compensation Board of Review which had denied their application for Trade Readjustment Allowance (TRA).

The facts are not in dispute. Claimants were all long-time hourly production workers at Wheeling-Pittsburgh Steel Corporation's Monessen plant. All of the claimants were laid off on June 28, 1986, when the Monessen plant shut down. They applied for TRA assistance in early 1987.

Under the Trade Act of 1974, *as amended*, 19 U.S.C. §2291 workers are entitled to receive cash and employment service benefits if they have lost their jobs due to import competition. The Secretary of Labor makes this determination pursuant to §2291 of the Act, 19 U.S.C. §2291 (1986), *as amended*. Once the Secretary has certified that the loss of employment resulted from import competition, he must consider a number of factors in determining the applicability to the particular individual(s) in question. Under §2291(a)(2)(a)(b)(c), a key requirement is that a claimant must have worked during 26 of the 52 weeks preceding separation. The board affirmed the decision of the referee, who had determined that the petitioners were ineligible for assistance under the Trade Act on the ground that weeks during a lockout period could not be counted as weeks of work.

The issue before this court is whether the board correctly concluded that the claimants, who had actually worked for twelve weeks, could not count an additional 14 weeks in a lockout period toward the required twenty-six weeks, in order to be eligible for assistance under the Trade Act.

Section 2291(a)(2)(a),(b),(c) provides in pertinent part:

(a) Trade Readjustment Allowance Conditions.

Payment of a Trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such allowance for

any week of unemployment which begins more than 60 days after the date on which the petition that resulted in such certification was filed under §2271 of this title if the following conditions are met:

. . . .

(2) Such worker had, in the 52-week period ending with the week in which such total or partial separation occurred, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm, or, if data with respect to weeks of employment with a firm are not available, equivalent amounts of employment computed under regulations prescribed by the secretary. For purposes of this paragraph, any week in which such worker—(a) is on employer-authorized leave for purposes of vacation, sickness, injury, maternity, or inactive duty or active duty military service for training (b) does not work because of a disability that is compensable under a workmen's compensation law or plan of a state or the United States, or (c) has his employment interrupted in order to serve as a full-time representative of a labor organization in such firm or subdivision, shall be treated as a week of employment of wages of $30 or more but not more that 7 weeks in case of weeks described in paragraph (a) or (c) or both, may be treated as weeks of employment under this sentence.

The Third Circuit Court of Appeals, in *Wheeling-Pittsburgh Steel Corp. v. United Steel Workers of America, AFL-CIO-CLC*, 791 F.2d 1074 (3d Cir. 1986), found that, for a period of fourteen weeks during the twenty-six week period of employment necessary for qualifying for certification under the Trade Act, the claimants were

subjected to an employer lockout. The claimants, therefore, contend that, were it not for the improper conduct of the employer, they would have worked the twenty-six weeks necessary and qualified for TRA assistance. The claimants underscore the purpose of the statute as being to assist those workers who, through no fault of their own, have been forced to stop working.

The problem facing this court is one of statutory construction. The language in §2291 of the Trade Act makes no mention of the effect of labor disputes on the eligibility factors set forth in the statute. The only reference to labor relations made in the statute occurs in §2291(a)(2)(c), which provides an exception to the twenty-six week requirement if an employee is required to interrupt his employment to serve as a full-time representative of a labor union. The events that took place in the present action were not related to the service of any of the claimants as full-time representatives of a labor union.

The claimants refer to the legislative history to persuade the court that it was Congress' intent that these individuals be eligible. They make reference to House Report 99-241 in the U.S. Code Congressional and Administrative News: "The purpose of these requirements is to demonstrate sufficiently long-term attachments to the labor force to warrant additional unemployment benefits. H.Rep. No. 99-241, 99th Cong., 2d Sess. *reprinted* in 1986 U.S. Code Cong. & Admin. News 627. The claimants reason that Congress amended this section to allow some flexibility in determining the criteria and note that Congress was interested in showing some attachment to the employer to determine eligibility.

This court notes that Congress has amended §2291 on three separate occasions since its enactment in 1974 and has at no time included in its changes the exception now sought by the claimants. This court in previous decisions

has held that if the language of a statute is clear and unambiguous on its face, that language is controlling and should be given full effect. In *Latella v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983), the court, *citing Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 645, 40 A.2d 30, 33 (1944), reaffirmed its position that "this Court cannot supply an apparent omission in a statute even though it appears that the omission resulted from the Legislature's mere inadvertence or failure to foresee or contemplate a case in question." *Latella,* 74 Pa. Commonwealth Ct. at 30, 459 A.2d at 473. The court held, "Thus, the maxim *'expressio unius est exclusi[o] alterius'* is applicable here. The maxim essentially provides that where certain things are specifically designated in a statute, all omissions should be understood as exclusions." *Id.* Similarly, the court in *Black v. Billy Penn Corp.,* 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983), interpreted §1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b), as mandating that "when the letter of a statute is clear and unambiguous, this Court is not free to engraft additional verbiage upon it in a supposed effort to pursue its spirit." *Black,* 72 Pa. Commonwealth Ct. at 632, 457 A.2d at 193.

The statute at hand is not ambiguous; on the contrary, it sets out specific exceptions to the general requirements stated. Therefore, this court is bound to apply the meaning of the statute as stated, which does not include employer wrongs during labor disputes as an exception to the twenty-six week period of employment required by the Act. The Act is clarified by a further requirement that claimants shall have received at least $30 per week for the twenty-six week period. Of course, the claimants here received no income during the fourteen week lockout.

Hence, we conclude that Congress did not intend to make an exception for situations like the present case.

The claimants cite several cases in which courts have held that relief should be granted in keeping with the purpose of the remedial legislation. In particular, they cite the Pennsylvania Supreme Court decision in *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986). The court there reversed the decision of the Commonwealth Court that denied unemployment compensation benefits to the claimant on the ground that he had not satisfied the financial eligibility criteria set out in §404(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(e). In its opinion, the court discussed the importance of liberal construction of remedial legislation. The court emphasized that "[s]uch remedial legislation must always be interpreted so that the benefit sections are liberally and broadly construed to alleviate the distress of the involuntarily unemployed." *Cugini,* 511 Pa. at 272-73, 512 A.2d at 1173. Accordingly, the Supreme Court interpreted the concept of payment of wages broadly, to include constructive payment, not just actual payment. That case, however, is distinguishable in that no such interpretation need is present here because there is no ambiguity as to "work" as there was with respect to payment in *Cugini.*

In this case, because Congress has not seen fit to include a lockout in its list of exceptions, those involved in labor disputes such as this one are forced to fulfill the general requirements stated in §2291. Until the Congress chooses to amend this section, this court must reluctantly follow the statute and hold that the claimants have not met the requirements under §2291 and therefore must be denied assistance under the Trade Act of 1974, *as amended.*

The board's decision is affirmed.

ORDER IN 695 C.D. 1988

NOW, March 1, 1989, the decision of the Unemployment Compensation Board of Review dated February 22, 1988, at No. B-263794, is affirmed.

ORDER IN 696 C.D. 1988

NOW, March 1, 1989, the decision of the Unemployment Compensation Board of Review dated February 22, 1988, at No. B-263755, is affirmed.

ORDER IN 697 C.D. 1988

NOW, March 1, 1989, the decision of the Unemployment Compensation Board of Review dated February 22, 1988, at No. B-263752, is affirmed.

ORDER IN 734 C.D. 1988

NOW, March 1, 1989, the decision of the Unemployment Compensation Board of Review dated February 22, 1988, at No. B-263753, is affirmed.