**VITAC CORPORATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROZANC), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2002.
Decided Feb. 4, 2003.
Reargument Denied March 31, 2003.

Joseph A. Fricker, Jr., Pittsburgh, for petitioner.

James R. Burn, Jr. and Sandra W. Kokal, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Vitac Corporation (Employer) petitions for review of: (1) the February 11, 2000 order of the Workers' Compensation Appeal Board (Board) that affirmed in part, reversed in part and remanded the August 27, 1999 order of the Workers' Compensation Judge (WCJ) denying Employer's suspension petition, granted in part Employer's modification petition and awarded Sheila M. Rozanc (Claimant) attorney's fees based on Employer's unreasonable contest; and (2) the April 30, 2002 order of the Board that affirmed the WCJ's September 29, 2000 order which cut by half the award of attorney's fees to Claimant. We reverse as to the WCJ's award of paralegal and law clerk fees and affirm in all other respects.

On June 3, 1998, Claimant was injured during the course of her employment as a closed-captioned stenographer for Employer, a court reporting agency. Claimant received benefits pursuant to a notice of compensation payable (NCP), which described her injury as carpal tunnel syndrome of the right wrist.

On September 30, 1998, Employer filed a suspension petition alleging that as of August 5, 1998, Claimant refused reasonable carpal tunnel surgery. Claimant filed an answer denying Employer's material allegations. At a December 2, 1998 hearing, Employer amended the petition to include a modification petition alleging that Claimant was offered a modified-duty position as of that date. At the same hearing, Claimant requested attorney's fees based on an unreasonable contest. On December 14, 1998, Employer filed a formal modification petition based upon an alleged December 2, 1998 offer to Claimant of a modified-duty, operation assistant position.

Five hearings were held before the WCJ. In his August 27, 1999 decision, the WCJ accepted Claimant's evidence, including her expert witnesses, as more persuasive than Employer's evidence with respect to whether carpal tunnel surgery was warranted as of January 27, 1999, the date the parties stipulated that Employer would have paid for Claimant's surgery.

In particular, in Finding of Fact 18(c), the WCJ found Claimant's testimony to be "very believable and credible." WCJ's August 27, 1999 Decision, p. 12; R.R. 63a. Claimant testified that in June of 1998, Dr. Alan Renton, an orthopedic surgeon and one of Employer's medical experts, scheduled carpal tunnel surgery for her. Claimant testified that she was in pain and wanted the surgery. However, six days before it was scheduled to be performed, Employer's workers' compensation insurer cancelled the surgery and requested that Claimant see Employer's other medical expert, Dr. Dean Sotereanos, also an orthopedic surgeon.

Even after being examined by Dr. Sotereanos on August, 5, 1998, Claimant tried to reschedule the surgery with Dr. Renton. However, her medical insurance would not cover it. The WCJ accepted the testimony of Martin Block, Employer's Vice–President of Finance, that if Employer's insurer would not pay for the surgery, Employer would not be individually responsible for payment. It was not until the January 27, 1999 hearing that the parties stipulated that as of that date, Employer was willing to pay for the surgery.

Meanwhile, on August 19, 1998, Claimant sought treatment from Dr. George Khoury, her chiropractor. The WCJ found that Claimant credibly testified that her chiropractic treatment improved her condition and that she no longer needed surgery. Claimant also stated that on April 6, 1999, she returned to work at another court reporting agency at wages

higher than her pre-injury wages with Employer.

The WCJ also accepted the testimony of Dr. Khoury, supported by a medical report from John Talbott, a board certified psychiatrist and neurologist. Dr. Talbott also diagnosed Claimant with carpal tunnel syndrome, but he did not believe that Claimant would benefit from surgery.

Dr. Khoury examined Claimant on August 19, 1998 and diagnosed Claimant with carpal tunnel syndrome and cervical and intervertebral disc syndrome. The WCJ rejected Dr. Khoury's diagnosis of cervical and intervertebral disc syndrome due to the contradictory diagnoses of Drs. Renton, Sotereanos and Talbott. However, the WCJ accepted Dr. Khoury's opinion, as supported by Dr. Talbott's report that Claimant's condition had improved and that her carpal tunnel symptoms had been alleviated. As of December 15, 1998, Dr. Khoury released Claimant to return to modified-duty work and stated that carpal tunnel surgery was not necessary.

The WCJ also found that Kathleen DiLorenzo, Employer's manager of steno-captioning services, credibly testified that a modified-duty operations assistant position was made available to Claimant as of January 27, 1999. In reaching this determination, the WCJ accepted as credible the testimonies of Employer's experts, Drs. Sotereanos and Renton, to the extent they opined that Claimant could perform the modified-duty position.

On August 27, 1999, the WCJ issued a decision and order denying Employer's suspension petition on the basis that Employer was unwilling to pay for the proposed carpal tunnel surgery until January 27, 1999. Nevertheless, the WCJ granted Employer's modification petition in part effective January 27, 1999 and reduced her benefits to partial disability on the ground that Claimant was offered the operations assistant position as of that date.[1] The WCJ also granted Claimant's request for attorney's fees based upon Employer's unreasonable contest. However, the WCJ denied Claimant's request for reimbursement of paralegal and law clerk fees.

Both Claimant and Employer appealed to the Board, which in a February 11, 2000 order, affirmed in part, reversed in part and remanded. The Board affirmed the WCJ's denial of Employer's suspension petition and grant of Employer's modification petition. However, the Board reversed the WCJ's award of attorney's fees for unreasonable contest as to Employer's modification petition. The Board reasoned that because Employer was successful on its modification petition, that contest was not unreasonable. The Board then remanded to allow Claimant the opportunity to submit an itemized billing statement differentiating between the time spent on the suspension petition and the time spent on the modification petition. The Board also concluded that the WCJ erred in failing to include the paralegal and law clerk fees in the award for attorney's fees on the ground that those fees were recoverable as costs under Section 440 of the Workers' Compensation Act (Act).[2]

After remand, Claimant's counsel resubmitted its initial itemization of attorney's fees on the ground that he was unable to differentiate between the time spent on Employer's modification petition and Employer's suspension petition. Thus, Claim-

---

1. On April 6, 1999, Claimant obtained employment with a different Employer at wages greater than her pre-injury wage with Employer. As a result, her benefits were suspended as of that date.

2. Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996.

ant's counsel again requested the entire amount. However, in his September 30, 2000 order, the WCJ, in response to Employer's request "halved" the award of attorney's fees and further ordered that Employer was responsible for one half of Claimant's paralegal and law clerk fees.

Both Claimant and Employer again appealed to the Board. In its April 30, 2002 opinion and order, the Board amended the WCJ's order to include an award for remand costs in the amount of $55.70 and affirmed in all other respects. Employer petitions this Court for review of that order.[3]

## I.

Employer's first argument is that the WCJ erred in determining that Employer failed to meet its burden of proof with respect to its suspension petition. An employer seeking a suspension based upon a claimant's refusal of medical treatment must establish that it authorized such treatment. *Mackintosh Hemphill v. Workmen's Compensation Appeal Board (Banicki)*, 116 Pa.Cmwlth. 401, 541 A.2d 1176 (1988).

Employer maintains that Dr. Khoury, a chiropractor, was not competent to render an opinion regarding the surgical procedure proposed by Drs. Sotereanos and Renton. Employer asserts that Dr. Khoury's chiropractic treatment of Claimant was limited to "adjunctive procedures" *i.e.*, essentially physical therapy such as mechanical stimulation and, that therefore, Dr. Khoury was incompetent to render an expert opinion as to whether Claimant needed carpal tunnel surgery.

Employer also contends that the WCJ erred in crediting the opinions expressed by Dr. Talbott in his April 2, 1999 report. In particular, Employer contends that Dr. Talbott's opinion that the proposed surgery was unnecessary is directly contradicted by his admission that a return to work could cause a recurrence of Claimant's symptoms.

However, in view of the fact that the Board affirmed the WCJ's determination that Employer's contest of its suspension petition was unreasonable due to the fact that Claimant was precluded by Employer's insurer from having carpal tunnel surgery as of August 5, 1998, this Court need not address the competency of Claimant's medical evidence presented in defense of that petition.

Employer next contends that the WCJ erred in finding that Employer was unwilling to pay for the proposed surgery as of August 5, 1998, the date Employer requested relief in its suspension petition. Specifically, Employer asserts that the WCJ erred in reasoning that Employer was required to prove that it had offered the proposed surgery.

In Finding of Fact No. 18(i), the WCJ found, based upon Claimant's testimony, that from June through August 1998, Claimant was willing to undergo carpal tunnel surgery. A review of Claimant's testimony, which the WCJ found credible, indicates that in June of 1998 Dr. Renton had prescribed carpal tunnel surgery for Claimant but that it was cancelled by Employer's workers' compensation insurer six days before the date it was to be performed. N.T. 12/02/98, pp. 18–19; R.R. 162a–163a. Claimant further testified on

---

3. On review, this Court is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether errors of law have been committed or whether constitutional rights have been violated. *City of Philadelphia v. Workers' Compensation Appeal Board (Siravo)*, 789 A.2d 410 (Pa.Cmwlth.2001), *appeal denied*, 569 Pa. 724, 806 A.2d 863 (2002).

cross-examination that she tried to re-schedule the surgery but her insurance would not pay for it because Dr. Renton might not get paid. *Id.*, p. 26; R.R. 170a. As a result, on August 19, 1998, she went to Dr. Khoury for chiropractic treatment, which eventually relieved her symptoms. *Id.*

Clearly, Claimant was willing to undergo carpal tunnel surgery as of August 5, 1998 but was unable to have such surgery scheduled after it had been cancelled by Employer's insurer. Inasmuch as carpal tunnel surgery was not available to Claim-ant on August 5, 1998, she could not have refused it. Therefore, this Court rejects Employer's contention that Claimant re-fused to undergo carpal tunnel surgery as of August 5, 1998. In short, Claimant could not refuse medical services that were not available to her. *Mackintosh Hemp-hill.*

Based upon the foregoing, we reject Employer's contention that it had met its burden of proof with respect to its suspen-sion petition. Consequently, we deny Em-ployer's request that this Court rule that Employer was entitled to a suspension as of August 5, 1998.

## II.

■ Employer's second argument is that the WCJ erred in concluding that Employer only established work availabili-ty as of January 27, 1999 where Employer had offered competent evidence that work was made available as of December 2, 1998. Employer contends that the record

establishes the position of operations assis-tant was offered to Claimant at the De-cember 2, 1998 hearing.

This Court disagrees. In Finding of Fact No. 18(d), the WCJ did not find as persuasive DiLorenzo's testimony that the operations assistant position was available to Claimant as of December 2, 1998. In particular, the WCJ stated: "To the con-trary, I find [C]laimant's testimony much more believable that [Employer] had not offered [Claimant] any light duty work as of December 2, 1998." *Id.*, WCJ's August 27, 1999 Decision, p. 12; R.R. 16a. The WCJ based this finding on his observa-tions of the demeanor of both Claimant and DiLorenzo. *Id.*, pp. 12–13; R.R. 16a–17a. "The WCJ, as the ultimate factfin-der, is the sole arbiter of the credibility and weight of the evidence." *Rissi v. Workers' Compensation Appeal Board (Tony DePaul & Son)*, 808 A.2d 274, 278 (Pa.Cmwlth.2002). "We will not reweigh evidence or substitute our judgment for the credibility determination of the WCJ." *Id.* at 279. Furthermore, it was not until the January 27, 1999 hearing that DiLo-renzo informed Claimant that additional accommodations would be made for her.[4]

## III.

Employer's third argument is that the WCJ erred in awarding Claimant attor-ney's fees based upon Employer's alleged unreasonable contest of its suspension pe-tition. Employer contends that having es-tablished that Employer was willing to pay

---

4. Without any prior notice to Claimant, Em-ployer amended its suspension petition at the December 2, 1998 hearing to include a re-quest for modification. DiLorenzo was not present to testify at that hearing despite Em-ployer's acknowledgement that her testimony was necessary to establish that the job was available. Nevertheless, Employer's counsel made an offer of modified work at the hear-

ing. However, in view of the fact that the WCJ found that DiLorenzo did not describe to Claimant the position with its accommoda-tions made for her until the January 27, 1999 hearing, we do not believe the WCJ erred in determining the operations assistant position was not available to Claimant before January 27, 1999.

for Claimant's carpal tunnel surgery as of August 5, 1998, the date set forth in its suspension petition, its contest was reasonable. Alternatively, Employer contends that its contest became reasonable as of the parties January 27, 1999 stipulation that Employer would pay for Claimant's surgery.

■ The burden is on the employer to present sufficient evidence to demonstrate a reasonable contest. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehab.)*, 730 A.2d 1025 (Pa.Cmwlth.1999). Whether an employer's contest is reasonable is an issue of law reviewable by this Court. *Id.*

■ As discussed above in the present case, Employer filed its suspension petition in September 1998 alleging that as of August 5, 1998, Claimant had refused reasonable and necessary carpal tunnel surgery. However, as the WCJ correctly found, Employer was not willing to pay for Claimant's surgery until January 27, 1999. A determination as to whether a reasonable contest exists is properly based on the WCJ's findings of fact. *Lemon v. Workers' Compensation Appeal Board (Mercy Nursing Connections)*, 742 A.2d 223 (Pa. Cmwlth.1999). Therefore, based on the WCJ's findings of fact, we conclude that the WCJ did not err in determining that Employer failed to establish a reasonable contest with respect to its suspension petition.

Nonetheless, Employer cites our decision in *Crouse v. Workers' Compensation Appeal Board (NPS Energy SVC)*, 801 A.2d 655 (Pa.Cmwlth.2002), for the proposition that Employer's contest became reasonable as of January 27, 1999, the date the parties stipulated that Employer would pay for Claimant's surgery. We find *Crouse* to be factually distinguishable.

In *Crouse*, the employer contested the claimant's claim petition on the ground that the injury was not work-related. At the time the claim petition was filed on June 28, 1995, the employer had no credible testimony to rebut the petition. Employer did not come into possession of medical evidence in support of its position until December 28, 1995, the date the employer's medical witness examined the claimant.

In *Crouse* we determined that prior to December 28, 1995, the employer's contest was unreasonable. However, we recognized that in a *claim petition* proceeding, the existence of the degree of disability may provide a basis for a reasonable contest, depending upon the totality of the circumstances. Because the testimony of the employer's medical witness was in conflict with the claimant's medical witness as to the extent of the injury, we concluded the employer's contest became reasonable as of the date the examination by employer's doctor.

However, the situation in the case at bar is an entirely different matter. On September 30, 1998, Employer filed a suspension petition alleging that as of August 5, 1998, Claimant refused carpal tunnel surgery. As discussed above, said surgery not available to Claimant at that time due to Employer's refusal to pay for it. As a result, Employer's prosecution of that petition was unreasonable.

■ Moreover, we do not believe that the parties' stipulation at the January 27, 1999 hearing that Employer would pay for the surgery as of that date somehow made Employer's contest of its suspension petition reasonable as of January 27, 1999. Employer's petition alleged that Claimant refused reasonable medical treatment as of August 5, 1998, not January 27, 1999. Therefore, the relevant date for purposes of determining the merits of Employer's

suspension petition was August 5, 1998. Consequently, we reject Employer's contention that it established that its contest of its suspension petition was reasonable as of January 27, 1999.

## IV.

■ Employer's fourth argument is that even assuming that Employer engaged in an unreasonable contest, the award of attorney's fees is not supported by competent evidence and erroneously included paralegal and law clerk fees. Specifically, Employer contends that the WCJ failed to comply with the Board's remand order directing that attorney's fees be awarded only for work performed in defense of Employer's suspension petition.

■ Upon remand, Claimant's counsel argued that it was impossible to separate the time spent on Employer's suspension petition from the time spent on Employer's modification petition. Claimant's counsel then submitted the same itemization of fees that he submitted in the initial proceeding on the basis that he was entitled to the entire amount. Employer, however, requested that the attorney's fee be "halved." The WCJ agreed and cut the attorney's fee in half and awarded Claimant a total of $1,134.00.[5]

In its April 30, 2002 decision and order, the Board noted that the WCJ has discretion in awarding reasonable attorney's fees and that the "halving" method used by the WCJ did not amount to an abuse of that discretion. This Court agrees.

A fee authorized by Section 440 of the Act, 77 P.S. § 996, must not exceed a reasonable sum and must be reasonably related to the work done by the attorney. *Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford)*, 151 Pa.Cmwlth. 387, 617 A.2d 48 (1992). In view of the particular circumstances of this case, *i.e.*, Claimant's counsel's inability to separate the amount of time spent on the suspension petition from time spent on the modification petition, and the fact that Employer actually recommended the "halving" method to the WCJ, this Court believes that the WCJ did not abuse his discretion in using the "halving" method in this case.

The WCJ also awarded Claimant one-half of 1.4 hours of paralegal time at $60.00 per hour for a total of $42.00 and one-half of 2 hours of law clerk time at $50.00 per hour for a total of $50.00. Although the WCJ initially excluded paralegal fees and law clerk fees from Claimant's attorney's fee award, the Board, in its February 11, 2000 decision, reversed the WCJ on the basis that such fees are permitted under the Act. *See* Board's February 11, 2000 Decision, pp. 9–10; R.R. 80a–81a.

This Court agrees with Employer that paralegal and law clerk fees are not recoverable under Section 440 of the Act, 77 P.S. § 996. Pursuant to Section 440(a) of the Act, 77 P.S. § 996(a), the WCJ is permitted to award "a reasonable sum for cost incurred for *attorney's fee*, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings...." (Emphasis added.) "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the

---

5. As reflected by the WCJ's Finding of Fact 3(b) in his September 29, 2000 decision, Employer initially was in favor of "halving" the attorney's fees. *See* WCJ's September 29, 2000 Decision, p. 3; R.R. 88a. Moreover, in Finding of Fact No 3(c), the WCJ stated: "In the absence of any other basis that is logical to apportion attorney's fees, I adopt [E]mployer's argument for halving those amounts which [Employer] does not concede strictly apply to its liability for an unreasonable contest for the suspension petition." *Id.*

Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b).

Nothing in Section 440 permits the WCJ to award costs for paralegal or law clerk fees in addition to the attorney's fee. We believe the maxim *expressio unius est exclusio alterius* is appropriate here. Essentially, the maxim provides that where certain items are specifically included in a statute, items which have been omitted are understood to be excluded. *Gratta v. Unemployment Compensation Board of Review*, 123 Pa.Cmwlth. 642, 555 A.2d 270 (1989). Therefore, we conclude that the WCJ erred in awarding Claimant paralegal and law clerk fees. As such, we reverse the Board's order to that extent.

### V.

■ Employer's fifth argument is that the Board erred in awarding Claimant's remand costs in the amount of $55.70 for a copy of a hearing transcript. Although this issue was not addressed by the WCJ, the Board awarded Claimant this cost as a reasonable litigation cost. In *Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles)*, 107 Pa.Cmwlth. 388, 528 A.2d 1020 (1987), this Court recognized that a claimant is entitled to reimbursement for the costs of hearing transcripts which are necessary for presentation of the claimant's case. As a result, the Board did not err in awarding Claimant those costs.

### VI.

■ In her brief, Claimant contends that Employer's appeal is frivolous and requests that counsel fees should be awarded pursuant to Pa. R.A.P. 2744, which permits an award of counsel fees if it is determined that an appeal is frivolous or taken solely for purposes of delay. Claimant asserts that Employer's appeal merely challenges the WCJ's credibility determinations, which are not appealable.

Having determined that Employer prevailed on the issue of whether the WCJ erred in awarding paralegal and counsel fees, we conclude that Employer's appeal was not frivolous. Therefore, we deny Claimant's request for counsel fees on appeal.

### VII.

In view of the foregoing, we reverse the Board's April 30, 2002 order to the extent that it affirmed the WCJ's award of paralegal and law clerk fees to Claimant. We affirm the Board's February 11, 2000 and April 30, 2002 orders in all other respects.

### *ORDER*

AND NOW, this 4th day of February, 2003, the April 30, 2002 order of the Workers' Compensation Appeal Board is reversed to the extent that it affirmed the WCJ's award of paralegal and law clerk fees to Sheila M. Rozanc. The Board's February 11, 2000 and April 30, 2002 orders are affirmed in all other respects.