# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendy Simpkins,                :
            Petitioner        :
                                    :
           v.                  :    No. 2112 C.D. 2015
                                    :    Submitted: April 8, 2016
Workers' Compensation Appeal     :
Board (Human Achievement Project,   :
Inc.),                                :
            Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON[1]**            **FILED: October 21, 2016**

Wendy Simpkins (Claimant) petitions for review of the Workers' Compensation Appeal Board's (Board) order that affirmed a Workers' Compensation Judge's (WCJ) decision granting in part and denying in part Claimant's petition to review compensation benefits (review petition) and granting Human Achievement Project, Inc.'s (Employer) termination petition. Claimant contends the Board erred in affirming the WCJ's termination of benefits because Claimant's work-related injury included a right labral tear, and the record lacked sufficient competent evidence demonstrating Claimant's full recovery from her right labral tear. In particular, Claimant argues Employer's medical expert, Dr. Dennis Ivill (Employer's Expert), failed to opine that Claimant fully recovered from the diagnosed right labral tear. For the reasons that follow, we affirm.

---

[1] This case was reassigned to the author on July 19, 2016.

## I. Background

In July 2011, while working for Employer, Claimant sustained an injury lifting a client from a tub to a wheelchair. In November 2011, Employer filed a notice of temporary compensation payable (NTCP), acknowledging the injuries as a right rotator cuff/shoulder tear/strain. In January 2012, the NTCP converted to a notice of compensation payable (NCP).

In August 2013, Claimant filed her review petition alleging the description of her work injury should be amended to include: a right shoulder labral and rotator cuff tear, right elbow lateral epicondylitis, a C3-C4 central disc herniation, right carpal tunnel syndrome, myofascial pain syndrome, right brachial plexopathy and pain axillary to chest and right arm. Employer filed an answer denying Claimant's allegations.

In November 2013, the WCJ held a hearing. Thereafter, Claimant submitted a deposition from Dr. Thomas Whalen (Claimant's Expert). In December 2013, Employer's Expert, a physician board certified in physical medicine and rehabilitation, performed an independent medical examination (IME) of Claimant. In February 2014, Employer filed its termination petition alleging Claimant fully recovered from her work injuries. In support, Employer submitted its Expert's deposition.

In October 2014, the WCJ granted Claimant's review petition in part accepting the right shoulder injuries (right rotator cuff tear, right shoulder sprain, right labral tear) and right elbow injury (right epicondylar tear). However, the

WCJ denied Claimant's review petition in part regarding injuries to other parts of the body. In addition, the WCJ granted Employer's termination petition, determining Claimant fully recovered from her July 2011 work injuries as of Employer's Expert's December 2013 IME.

On appeal, the Board affirmed. Claimant petitions for review.[2]

## II. Discussion

At one point this was a dispute about injuries to various parts of Claimant's body, including the right shoulder, right elbow, neck, right arm, right chest and right hand/wrist, and general myofascial pain syndrome. It is now narrowed to whether Claimant recovered from a component of her right shoulder injury, a tear to the labrum (soft tissue) in the shoulder socket. There appears to be no real dispute that this tear was surgically repaired at the same time the right rotator cuff tear was repaired. Dep. of Dr. Ivill, 3/3/14 (Ivill Dep.) at 23, 36-37. Viewed in a light most favorable to the party prevailing below, Employer, we conclude that substantial evidence supports a finding of recovery from the right labral tear.

Claimant contends the Board erred in affirming the WCJ's decision terminating Claimant's benefits where the evidence did not establish her full recovery from her right labral tear. Claimant asserts an employer seeking a termination of benefits must prove that all disability related to the work injury

---

[2] This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. 2 Pa. C.S. §704; Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

fully resolved. Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.), 705 A.2d 1290 (Pa. 1997); Giant Eagle, Inc. v. Workmen's Comp. Appeal Bd. (Chambers), 635 A.2d 1123 (Pa. Cmwlth. 1993).

Further, Claimant argues, in a termination proceeding, the employer's medical expert must recognize all accepted work injuries and render an opinion that the claimant fully recovered from those injuries. GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker), 785 A.2d 1087 (Pa. Cmwlth. 2001); see also Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.), 936 A.2d 1195 (Pa. Cmwlth. 2007) (at the minimum, the employer's expert must know the nature of the claimant's work-related injury and competently testify she fully recovered from it).

In workers' compensation cases, the WCJ is the ultimate fact-finder and has exclusive province over questions of credibility and evidentiary weight. A&J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233 (Pa. Cmwlth. 2013). The WCJ may accept the testimony of any witness, including a medical witness, in whole or in part. Id. We are bound by the WCJ's credibility determinations. Id.

Moreover, it is irrelevant whether the record contains evidence supporting findings other than those made by the WCJ; the crucial inquiry is whether the evidence supports the findings actually made. Id. Therefore, we must examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. Id. If the record contains such

4

evidence, the findings must be upheld, even though the record may contain conflicting evidence. Id. Additionally, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. Wagner v. Workers' Comp. Appeal Bd. (Anthony Wagner Auto Repairs & Sales, Inc.), 45 A.3d 461 (Pa. Cmwlth. 2012).

In the present case, the WCJ found Claimant sustained work injuries in the area of her right elbow (epicondylar tear) and in the area of her right shoulder (right rotator cuff tear, right shoulder sprain, right labral tear). More specifically, the WCJ found (with emphasis added):

> 12. Based upon a review of the evidentiary record as a whole, the Judge accepts the testimony of [Claimant's Expert] that Claimant sustained an epicondylar tear and a labral tear causally related to the 7/29/11 work injury as more credible and persuasive than the contrary testimony of [Employer's Expert]. Significant in reaching this determination is the mechanism of Claimant's work injury and these diagnoses were confirmed by diagnostic studies performed within months of Claimant's work injury. Moreover, Claimant had an epicondylar injection during the 10/5/11 shoulder surgery. Additionally, Claimant didn't have any injuries to these areas of her body before the work accident. Notably, the labral tear was surgically repaired.
>
> 13. Based on [Claimant's Expert'] testimony, Claimant was fully recovered from the epicondylar tear no later than the date of his deposition wherein he testified that Claimant no longer has symptoms of epicondylitis.
>
> * * * *
>
> 17. Based upon a review of the evidentiary record as a whole, the Judge accepts the testimony of [Employer's Expert] that Claimant is fully recovered from her right

5

rotator cuff tear and right shoulder sprain as more credible than any contrary testimony of [Claimant's Expert]. Significant in reaching this determination is that [Employer's Expert's] testimony is based on and supported by the examination performed whereas [Claimant's Expert] essentially relies on Claimant's subjective complaints.

18. Claimant sustained a right rotator cuff tear, right shoulder sprain, a right labral tear and a right epicondylar tear in the course of her employment on 7/29/11.

19. Claimant was fully recovered from her 7/29/11 work injuries as of 12/16/13.

WCJ's Op., 10/10/14, Findings of Fact (F.F.) No. 12, 13, 17, 18, 19.

Regarding Claimant's right shoulder injuries, and her recovery from them, on direct examination Employer's Expert testified as follows:

Q. [Employer's Counsel]. Okay. Now, do you have an opinion, Doctor, to a reasonable degree of medical certainty whether Claimant sustained a work-related injury?

A. Yes.

Q. And what's the injury that you believe [Claimant] sustained?

A. Right rotator cuff shoulder tear/sprain, which has resolved.

She also carried … diagnoses including right shoulder and labral rotator cuff tears, C3-4 central disc herniation, right carpel tunnel syndrome, right brachial plexopathy and pain, axillary to the chest, as causally related to her [July 29, 2011] injury. She does not carry those. Sorry about that.

\* \* \* \*

6

Q. Okay. Now, with regard to -- I just want to break it down and go through this.

With regard to the right shoulder and labral rotator cuff tears, that you find is work-related or not?

A. The right rotator cuff and shoulder tear[/]sprain are work-related. All others are not.

Ivill Dep. at 25-26 (emphasis added).

Moreover, on cross-examination, Employer's Expert testified he reviewed a report from another IME Physician, Dr. Mitchell K. Freedman, and he agreed that Claimant's work-related surgeries included a right rotator cuff repair and superior labral repair. In particular, Employer's Expert stated:

Q. [Claimant's Counsel]. If you reviewed Dr. Friedman's [sic] report, did you draw any conclusions as to whether you agreed with certain diagnoses that he attributed to the July 29, 2011 work injury suffered by [Claimant]?

A. I disagreed with him.

Q. Could you identify what portions of his diagnoses that he attributed to the July 29, 2011 accident?

A. I'm basing this on my physical exam of 12/16/13. His diagnoses included myofascial pain ….

I do agree with his status–post shoulder arthroplasty with rotator cuff repair, superior labral repair and subacromial decompression. I disagree that the right elbow lateral epicondylar tenotomy release and repair was a diagnosis. She didn't have those complaints at the time of the injury and they had resolved by the time I saw her. And those are the only diagnoses he listed.

7

Ivill Dep. at 36-37(emphasis added).

As reflected by the above testimony, Employer's Expert acknowledged on direct examination that Claimant's shoulder injuries, including a "right rotator cuff shoulder tear/sprain" were work-related. Ivill Dep. at 25. When asked specifically if Claimant's right shoulder and "labral rotator cuff tears" were work related, Employer's Expert replied, the "<u>right rotator cuff and shoulder tear sprain are work-related</u>." <u>Id.</u> at 25-26 (emphasis added).

We recognize it may appear at first glance that Employer's Expert testified on direct that Claimant did not "carry" a diagnosis of a "right shoulder and labral rotator cuff tears." <u>Id.</u> at 25. However, when Employer's counsel broke down the components of the shoulder injury, Employer's Expert plainly testified that Claimant's right rotator cuff and shoulder tear sprain were work-related.[3] <u>Id.</u> at 26. As fact-finder, the WCJ was authorized to give more weight to any part of any witness' testimony.

Moreover, Employer's Expert further clarified his opinions on cross-examination. He attributed Claimant's "status-post shoulder arthroplasty with rotator cuff repair, superior labral repair, a subacromial decompression" to her July

---

[3] We note the WCJ found "[Employer's Expert] is of the opinion that Claimant doesn't have a right shoulder labral tear, C3-4 herniation, right CTS, right brachial plexopathy and pain axillary to the chest causally related to her 7/29/11 work injury." F.F. No. 8j. For the reasons stated above, the finding regarding the right shoulder labral tear is not supported by the record. Rather, we believe a reasonable interpretation of Employer's Expert's testimony to be that he considered Claimant's right shoulder labral tear to be part of Claimant's right rotator cuff and shoulder tear sprain; whereas he disagreed with diagnoses involving other parts of the body, such as the neck, wrist/hand, and chest. Ivill Dep. at 25-26.

8

2011 work injury. Ivill Dep. at 36. As such, Employer's Expert acknowledged Claimant's right labral repair as work-related. Further, Employer's Expert opined that Claimant's "right rotator cuff shoulder tear/sprain" resolved as of the time of his December 2013 IME. Id. at 25.

Claimant's argument appears to be that Employer's Expert didn't use the word "labral" enough when he referred to the accepted injuries and the injuries from which Claimant recovered. We view this approach as unreasonably narrow. Employer's Expert consistently referred to "right rotator cuff shoulder tear/sprain," which can easily be viewed as referring to all the components of Claimant's accepted injury: a right rotator cuff injury and a shoulder tear/sprain. When read as a whole, including references to the surgical repairs, and read in a light most favorable to the prevailing party, we conclude that Employer's Expert's testimony supports the WCJ's findings.

In sum, Employer's Expert recognized that Claimant's work-related shoulder injury, as found by the WCJ, included a right labral and rotator cuff tear. Employer's Expert opined these accepted injuries resolved as of his December 2013 IME. Ultimately, the WCJ accepted Employer's Expert's testimony that Claimant "fully recovered from her right rotator cuff tear and right shoulder sprain as more credible than any other contrary testimony of [Claimant's Expert]." F.F. No. 17. In making this determination, the WCJ noted that Employer's Expert's testimony was based on and supported by his December 2013 examination. Id. Consequently, Employer's Expert's testimony provides competent medical evidence supporting the WCJ's Finding of Fact No. 19, that Claimant fully

9

recovered from her July 2011 work injuries.  Thus, the WCJ did not err or abuse her discretion in granting Employer's termination petition.  <u>Udvari</u>; <u>Giant Eagle</u>.

For these reasons, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendy Simpkins,               :

             Petitioner     :

                             :

          v.                 :    No. 2112 C.D. 2015

                             :

Workers' Compensation Appeal       :

Board (Human Achievement Project,    :

Inc.),                            :

           Respondent    :

# **O R D E R**

**AND NOW**, this 21st day of October, 2016, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                      _____

                      ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendy Simpkins,                          :
                    Petitioner           :
                                         :
          v.                             :
                                         :
Workers' Compensation Appeal             :
Board (Human Achievement                 :
Project, Inc.),                          :    No. 2112 C.D. 2015
                    Respondent           :    Submitted: April 8, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION BY
JUDGE COVEY                              FILED: October 21, 2016


          I respectfully dissent from the Majority's conclusion that substantial

evidence supported a finding that Wendy Simpkins (Claimant) fully recovered from

her work-related injury, including her right labral tear.  The issue before the Court is

whether the Workers' Compensation (WC) Appeal Board (Board) erred in affirming

the Workers' Compensation Judge's (WCJ) decision granting Human Achievement

Project, Inc.'s (Employer) Petition to Terminate Compensation Benefits (Termination

Petition).   Because the Employer carries the burden of providing unequivocal,

competent medical evidence that Claimant fully recovered from all work-related

injuries, and Employer's medical expert expressly refused to accept the WCJ's

expansion of Claimant's work injury to include a right labral tear, there is no record

evidence to support the WCJ's finding of Claimant's recovery from the right labral

tear.  Based upon well-established law, I would reverse the Board's order affirming

the WCJ's granting of Employer's Termination Petition.

It is undisputed that Claimant sustained an injury lifting a client from a tub to a wheelchair while working for Employer. The original work-related injury Employer accepted in the Notice of Temporary Compensation Payable was a right rotator cuff/shoulder tear/strain. Thereafter, Claimant filed a Petition to Review Compensation Benefits (Review Petition), wherein, she sought to amend the work-related injury to include: right shoulder labral and rotator cuff tear, right elbow lateral epicondylitis, C3-C4 central disc herniation, right carpal tunnel syndrome, myofascial pain syndrome, right brachial plexopathy and pain axillary to chest and right arm. Employer denied Claimant's allegations and a hearing was held during which Claimant submitted her medical expert Dr. Thomas Whalen's deposition and Employer submitted its medical expert Dr. Dennis Ivill's (Employer's Expert) deposition.

The WCJ determined that Claimant sustained **four distinct injuries**, specifically three to the shoulder and one to the elbow. The WCJ found as a fact: "Claimant sustained a right rotator cuff tear, right shoulder sprain, **a right labral tear** and a right epicondylar tear in the course of employment on [July 29, 2011]. Claimant sustained no other work[-]related injuries on [July 29, 2011]." WCJ Dec. at 9, Finding of Fact (FOF) 18 (emphasis added).

This Court has consistently held that an **employer's medical expert must recognize a specific work injury as accepted** and demonstrate that "[the c]laimant has [fully] recovered from this injury." *GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker)*, 785 A.2d 1087, 1092 (Pa. Cmwlth. 2001) (emphasis added); *see also Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195 (Pa. Cmwlth. 2007). We have explained that "[a]t a bare minimum, the expert must know what the accepted work-related injury was to be competent to testify that a claimant has fully recovered from a work-related injury." *Id.* at 1200. Without recognizing the specific work-related injury, a medical expert's opinion is

insufficient to support a finding that a claimant has fully recovered from the specific work-related injury.[1] *Id.*

The Majority states that the Employer's Expert, during his direct examination, acknowledged Claimant's shoulder injuries as work-related. I disagree that Employer's Expert accepted the right labral tear as work-related. Employer's Expert testified as follows:

> Q. [Employer's Counsel] Okay. Now, do you have an opinion, Doctor, to a reasonable degree of medical certainty whether Claimant sustained a work-related injury?
>
> A. Yes.
>
> Q. **And what's the injury that you believe** [**Claimant**] **sustained?**
>
> A. **Right rotator cuff shoulder tear/sprain, which has resolved. She also carried a diagnoses including right shoulder and labral rotator cuff tears**, C3-4 central disc herniation, right carpel tunnel syndrome, right brachial plexopathy and pain, axillary to the chest, as causally related to her [July 29, 2011] injury. **She does not carry those**. Sorry about that.
>
> . . . .
>
> Q. Okay. Now, with regard to -- I just want to break it down and go through this. With regard to the right shoulder and labral rotator cuff tears, that you find is work-related or not?

---

[1] Notably, where a claimant's established work injury was described as "chronic sciatica at the L5-S1 distribution on the right side with disc bulging at L5-S1," and a physician "expressly testified that [a c]laimant suffered *only* [a] lumbar strain and sprain as the result of [the claimant's] work injury and that [c]laimant [had] recovered *only* from that lumbar strain and sprain," the physician's testimony did not support the conclusion "that [the c]laimant **fully recovered from** [**claimant's**] *established* **work-related injury**." *Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.),* 865 A.2d 991, 996, 997 (Pa. Cmwlth. 2005) (bold emphasis added).

A. **The right rotator cuff and shoulder tear[/]sprain are work-related. All others are not.**

Notes of Testimony (N.T.), March 3, 2014 at 25-26 (emphasis added). When Employer's counsel specifically asked **Employer's Expert to "break it down," he expressly and specifically refused to accept that the labral tear was a work-related injury.**

Moreover, during cross-examination, Employer's Expert clarified that the injuries and recovery were **limited to the right rotator cuff tear and shoulder sprain**. Employer's Expert testified:

Q. [Claimant's Counsel] **The diagnosis you accepted was limited to the right rotator cuff** –

A. **Correct**.

Q. -- sprain, which you say was resolved as of the time of the exam?

A. **Right rotator cuff and shoulder tear[/]sprain, yes**.

N.T., March 3, 2014 at 33 (emphasis added). Again, Employer's Expert specifically limited Claimant's work-related injury which did not include the **right labral tear.**

Based on the above-quoted testimony, it is clear that, contrary to the Majority's opinion, Employer's Expert **did not accept** the entire shoulder injury, specifically the right labral tear. Although the right rotator cuff tear, right shoulder sprain, and right labral tear all related to the shoulder, **both the WCJ and Employer's Expert refer to them as three distinct injuries.** The Majority condenses the WCJ's specific finding of four separate and distinct injuries and refers to them in two broad categories, a shoulder injury and an elbow injury. This grouping of the work-related injuries misrepresents the record.

The Majority also attempts to recharacterize Employer's Expert's testimony by asserting that "it may appear at first glance that Employer's Expert testified on direct that Claimant did not 'carry' a diagnosis of a 'right shoulder and labral rotator cuff tears[;]'" however, Employer's Expert "plainly testified that Claimant's right rotator cuff and shoulder tear sprain were work-related." Maj. Op. at 8. I agree that Employer's Expert testified that Claimant did not carry a diagnosis of a right labral tear and that Claimant's work injury was a right rotator cuff tear and shoulder sprain. Employer's Expert's testimony did not end there – he also **repeatedly** refused to accept the right labral tear as a work injury. The fact that the Majority qualifies Employer's Expert's testimony and prefaces how to interpret that testimony reveals that Employer's Expert's testimony standing alone does not support the Majority's interpretation of the testimony given the legal standard that there be "**unequivocal**[2] and competent medical evidence of the claimant's full recovery from the work-related injury." *O'Neill v. Workers' Comp. Appeal Bd. (News Corp. LTD.)*, 29 A.3d 50, 53 (Pa. Cmwlth. 2011) (emphasis added).

The Majority adds that on cross-examination Employer's Expert testified that he reviewed a report by another physician, Dr. Mitchell K. Freedman (Dr. Freedman). When asked about Dr. Freedman's report and his diagnoses of the injury, Employer's Expert stated:

> A. I'm basing this on my physical exam of 12/16/13. His diagnoses included myofa[s]cial pain ….
>
> I do agree with his **status–post shoulder arthroplasty** with rotator cuff repair, **superior labral repair** and subacromial decompression. I disagree that the right elbow lateral epicondylar tenotomy release and repair was a diagnosis. She didn't have those complaints at the time of the injury

---

² *Merriam-Webster's Collegiate Dictionary* (11th ed. 2004) defines "unequivocal" as "leaving no doubt: clear, **unambiguous**[.]" *Id*. at 1366 (emphasis added).

> and they had resolved by the time I saw her. **And those are the only diagnoses *he* listed.**

N.T., March 3, 2014 at 36-37 (emphasis added).[3] The Majority states that this testimony demonstrates Employer's Expert's acknowledgement of the three distinct work-related shoulder injuries. However, **Employer's Expert merely recognized Claimant's "*status*" that Claimant underwent surgery for a right labral tear.** The testimony does not establish that Employer's Expert accepted the injury as work-related, but simply that a surgical repair procedure was performed. An acknowledgement that a surgical repair procedure was performed is not equivalent to the expert accepting the work injury and the expert agreeing that the surgical repair resulted in Claimant's recovery from that work injury. Thus, Employer's Expert's recognition that the surgical procedure was performed was not sufficient to recognize and accept the labral tear as a work-related injury, especially in light of his previous testimony.

Moreover, **the WCJ specifically found as a fact that Employer's Expert** "**is of the opinion that Claimant doesn't have a right shoulder labral tear**[.]" WCJ Dec. at 7, FOF 8(j) (emphasis added). This further evidences that the labral tear was a separate injury from the two other shoulder injuries and that Employer's Expert did not accept it.

The Majority notes that the **WCJ found that Employer's Expert did not accept the right shoulder labral tear as causally related to Claimant's work injury.** Again, in directing how to interpret Employer's Expert's testimony, and with

---

[3] In fact, Dr. Freedman's report describes his diagnosis as it pertains to Claimant's shoulder as "[s]tatus post shoulder arthroscopy with **rotator cuff repair**, superior labral repair, and subacromial decompression; I no longer think that she is symptomatic from **the rotator cuff dysfunction** based on her exam. She has more of a mild frozen shoulder." N.T., March 3, 2014 Ex. C-1 at 5 (emphasis added). Importantly, Dr. Freedman concluded: "**I do not feel that [Claimant] has fully recovered**[,]" noting that she was unable to reach overhead. *Id*. at 6 (emphasis added).

no foundation, the Majority simply states that the WCJ's finding "is not supported by the record" and that a more "reasonable interpretation of Employer's Expert's testimony to be that he considered Claimant's right shoulder labral tear to be part of Claimant's right rotator cuff and shoulder tear sprain[.]" Maj. Op. at 8 n.3. Thus, the Majority not only erroneously invalidates the WCJ's factual finding that Employer's Expert did not accept the labral tear work injury, but then effectively makes a new factual finding that Employer's Expert **did** accept the injury. "Only a referee,[4] in worker[s'] compensation cases, may make findings of fact; a reviewing court may not." *Reilly v. Workmen's Comp. Appeal Bd. (Gen. Elec. Co.)*, 584 A.2d 364, 367 (Pa. Cmwlth. 1990). Similarly, the Majority's interpretation directly contradicts the WCJ's finding of three distinct shoulder injuries. The WCJ and Employer's Expert did not refer to one shoulder injury; rather, they expressly specify the distinct injuries. Further, the Majority's interpretation conflicts with Dr. Freedman's report which also recognized the various shoulder injuries and repairs thereto.

In addition, Employer's Expert did not state that Claimant had recovered from **all** potential work-related shoulder injuries. He only accepted two injuries - a right rotator cuff tear and right shoulder sprain - and said that Claimant fully recovered from those injuries. The Majority's conclusion that Employer's Expert accepted the labral tear as work-related, completely contradicts Employer's Expert's deposition testimony and the WCJ's factual findings.

Lastly, the Majority states that "Claimant's argument appears to be that Employer's Expert didn't use the word 'labral' enough when he referred to the accepted injuries and the injuries from which Claimant recovered." Maj. Op. at 9. While I disagree with this statement, and the Majority's characterization of Claimant's argument, more importantly, it is clear throughout the entire record that

---

[4] WCJs were formerly referred to as referees. *See, e.g., Gen. Elec. Co. v. Workers' Comp. Appeal Bd. (Myers)*, 849 A.2d 1166, 1172 n.14 (Pa. 2004).

Employer's Expert rejected the right labral tear as attached to the work-related diagnosis.

"[T]he Workers' Compensation Act[5] is remedial legislation. . . . the Act's **purpose** [**is to**] **benefit**[] **injured workers and their dependents.**" *Gallie v. Workers' Comp. Appeal Bd. (Fichtel & Sachs Indus.)*, 859 A.2d 1286, 1291-92 (Pa. 2004) (emphasis added). "[T]he statute's purpose is clearly to further the interests of claimants." *U.S. Steel Corp. v. Workmen's Comp. Appeal Bd. (Mehalovich)*, 457 A.2d 155, 157 (Pa. Cmwlth. (1983). Accordingly, the **employer** has the burden to provide evidence warranting the termination of benefits. *See O'Neill*. **Employer must present unequivocal and competent medical evidence**. *Id*. The fact that the Majority **needs to provide direction on how to view and interpret Employer's Expert's testimony** is contrary to well-established law and demonstrates that Employer failed to meet its burden.[6] Because Employer failed to provide testimony clearly explaining and evidencing Claimant's recovery from all of the work-related injuries found by the WCJ, it failed to meet its burden. Since Employer did not meet its burden of proof, I would reverse the Board's order affirming the WCJ's granting of Employer's Termination Petition.

_____
ANNE E. COVEY, Judge

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4 , 2501-2708.
[6] The Majority's need to **interpret** Employer's Expert's testimony clearly evidences Employer's failure to meet its burden of providing **unequivocal** medical evidence. *See O'Neill*.